BRAM, Appellant,

v.

CITY OF CLEVELAND et al., Appellees.

[Cite as *Bram v. Cleveland* (1993), 97 Ohio App.3d 718.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63530.

Decided Sept. 9, 1993.

*Zashin, Rich & Sutula Co. L.P.A.,* and *Lawrence J. Rich,* for appellant.

*Danny R. Williams,* Director of Law, and *Theodore F. Piechocinski,* Assistant Director of Law, for appellee city of Cleveland.

*Ward & Associates Co., L.P.A., Smith R. Brittingham IV* and *Leo R. Ward,* for appellee Commercial Demolition.

DYKE, Chief Justice.

Appellant, Donald Bram, brought this action for wrongful demolition against the city of Cleveland ("city") and Commercial Demolition, the company contracted by the city to do the actual demolition work, on July 26, 1990. Appellee, city of Cleveland, filed a counterclaim against appellant for the $2,000 cost of demolition.

Appellant is the owner of a commercial property located on East 55th Street in the city of Cleveland. On October 8, 1989 a fire substantially damaged the two-story brick structure. On October 10, the city engineer determined that the building "constituted an immediate hazard which should be removed." The emergency provision of Cleveland Codified Ordinance Section 3103.09(i) was invoked and the city contracted with Commercial Demolition to raze the structure. The necessary permits were obtained by October 12, 1989, and the contractor's reports indicate that the work was eighty-five percent complete by October 16. A Condemnation Notice and a Declaration of Public Nuisance were sent to appellant on October 17. Appellant acknowledged receipt on October 19.

Appellant's second amended complaint alleged that his property was wrongfully demolished and that he did not have the opportunity to appeal from the Division of Building and Housing's determination because the building was demolished before he had notice of it. The second amended complaint also responded to the affirmative defense of governmental tort immunity raised by the city in its motion for summary judgment. The second amended complaint added paragraph five which reads as follows:

"Plaintiff further states that the defendant, City of Cleveland, denied the plaintiff due process of law, and violated his rights guaranteed by the Ohio and United States Constitution [*sic* ] for defendant failed to notify the plaintiff that his building was going to be demolished prior to its demolition."

Commercial Demolition subsequently filed its motion for summary judgment. The lower court granted both motions for summary judgment and the city's counterclaim for $2,000. Appellant appeals from that decision and asserts four assignments of error for our review.

## I

"The trial court erred by failing to find that the defendant-appellee is not immune from liability for plaintiff-appellant's claims pursuant to Ohio Revised Code section 2744.01, for he was denied due process of law and his rights under the United States Constitution were violated."

■ Appellant argues that the constitutional claim asserted in paragraph five of his second amended complaint is sufficient to invoke an exception to governmental immunity under R.C. 2744.09, which states:

"This chapter does not apply to, and shall not be construed to apply to, the following:

" * * *

"(E) Civil claims based upon alleged violations of the constitution or statutes of the United States * * *."

The lower court based its decision on *Cleveland v. Wescon Constr. Corp.* (Aug. 23, 1990), Cuyahoga App. No. 57405, unreported, 1990 WL 121301. The city brought the action against Wescon, the property owner, to recover the cost of demolition. This case held that the defendant had not met his burden to identify the constitutional rights allegedly violated by the city in his counterclaim. The court found that his claims sounded in tort, specifically, "trespass and malicious demolition resulting from alleged insufficient notice." *Id.* at 3. The defendant in *Wescon* actually raised the constitutional issues, not in his counterclaim, but in his brief in opposition to plaintiff's motion for summary judgment. The court determined that R.C. 2744.09(E) did not apply, and, therefore, the city was immune from liability under R.C. 2744.02.

Another wrongful demolition case recently heard by this court also found that R.C. 2744.09(E) was inapplicable. In *Broadview Mtge. Co. v. Cleveland* (Mar. 18, 1993), Cuyahoga App. No. 61939, unreported, 1993 WL 76884, the court stated:

"We find no merit to Broadview's claim that its constitutional rights were violated by the City's action, possibly voiding the sovereign immunity vested by

the statute. Broadview alleged no constitutional violations in its Complaint herein and only raised the issue in a vague and undefined way at the Common Pleas evidentiary hearing. Broadview's claims which sound in tort, i.e. trespass and wrongful demolition, 'do not amount to constitutional violations under R.C. 2744.09. Since [Broadview] failed to raise these claims in [its complaint], it could not at a later time raise them * * *.' *Wescon*, p. 3. We find that the trial court properly considered and followed this Court's decision in *Wescon*."

These two cases involved facts slightly different from those in the case at bar. In the present case, after the city's motion for summary judgment was filed raising the issue of governmental immunity, appellant was granted permission by the court to file a second amended complaint in which he raised the constitutional issue of due process. In spite of the fact that appellant raised the issue in his complaint, unlike Wescon and Broadview, the trial court relied upon this court's holding in *Wescon*.

We find that the lower court properly relied upon the prior case law in granting the motions for summary judgment. There is very little procedural difference between raising the constitutional issue in a twice-amended complaint and what the appellants did in *Wescon* and *Broadview*, raising the issue in a brief in opposition to a motion for summary judgment or in an evidentiary hearing. If this court allowed appellant to avoid the political subdivision tort immunity provisions by asserting the general proposition that the city violated his due process rights, we would essentially be subverting the purpose of the legislation. Appellant's complaint sounded in tort, a wrongful demolition without proper notice, as required by the city's codified ordinances. We do not find that the vague assertion of a constitutional rights violation is enough to change the essential nature of that claim and to circumvent the purpose of the tort immunity provisions.

The two cases in which the courts did find exceptions to the political subdivision tort immunity under R.C. 2744.09(E), raised constitutional issues based upon substantial violations under federal law. See *Wohl v. Cleveland Bd. of Edn.* (N.D.Ohio 1990), 741 F.Supp. 688 (claim brought under Title VII of the Civil Rights Act of 1964), and *Bartholomew v. Fischl* (C.A.3, 1986), 782 F.2d 1148 (termination of employment amid public charges of dishonesty and incompetency without a hearing violated due process and retaliation infringed upon First Amendment right to free speech). The constitutional issue raised by appellant does not raise a question of federal law as do the issues raised in the two cases cited above.

Appellant's first assignment of error is overruled.

## II

"The trial court erred in not finding that defendant-appellee, city of Cleveland, failed to notify plaintiff-appellant of the building violations within a reasonable period of time."

## III

"The trial court erred by granting summary judgment for defendant-appellees, city of Cleveland and Commercial Demolition as there are material issues in this case which are properly for trial."

In granting both appellees' motions for summary judgment, the trial court cited to this court's opinion in *Wescon*. The lower court thereby indicated that its basis for granting the summary judgments was not on the merits of whether the demolition was wrongful or proper under the city's ordinances, but, rather, on the theory of governmental immunity. In affirming the trial court's decision, it is not necessary for this court to reach the merits of appellant's arguments under these assignments of error.

Appellant's second and third assignments of error are overruled.

## IV

"The trial court erred by granting the defendant-appellees' counter-claim for demolition costs while the plaintiff-appellant did not receive notice of condemnation and the question of cost of demolition is a question of fact."

Appellant argues that it is fundamentally unfair to charge him with the cost of demolition when he had no opportunity to appeal or repair his building. Cleveland City Ordinance Section 3103.09(j) reads:

"Any and all expenses or costs incurred under this section for the removal, repair, alteration, securing or boarding of a building or structure shall be paid by the owner of such building or structure * * *.

" * * *

"Notwithstanding the method of collection set forth in this subsection, the Director of Law may take any action necessary to collect the costs of demolition or boarding from the owner or other responsible party."

The affidavit of the Chief of the Demolition Bureau attested to the amount paid by the city to Commercial Demolition at paragraph thirteen. This affidavit was attached to the city's motion for summary judgment and was not contested below. Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

Summary judgment in favor of the city on its counterclaim was properly granted by the lower court.

Appellant's fourth assignment of error is overruled.

The lower court's decision to grant the summary judgment motions submitted by the city of Cleveland and Commercial Demolition is affirmed. The city's counterclaim for $2,000 was also properly granted by the lower court.

*Judgment affirmed.*

JOHN F. CORRIGAN and JAMES D. SWEENEY, JJ., concur.