This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Rebecca Poinar has appealed from the decisions of the Summit County Court of Common Pleas, which dismissed her complaint against Christopher Schmidt for failure to effect service within the time proscribed by Civ.R. 3(A), and granted summary judgment in favor of Richfield Township. This Court affirms.
 I.
Rebecca Poinar was stopped by Richfield Township Police Officer Christopher Schmidt ("Schmidt") on May 20, 1998, for reckless operation of her automobile and for a marked lane violation. Schmidt detained Poinar, conducted a field sobriety test, and then transported Poinar to the Bath Township Police Department and administered a breathalyzer test. The test results indicated that Poinar's blood-alcohol concentration was below the legal limit. Schmidt then transported Poinar to the Richfield Township Police Department, charged her with a marked lane violation and reckless operation, and released her from custody. Ultimately, Poinar was found not guilty on both charges.
On May 18, 1999, Poinar filed suit against Schmidt and Richfield Township alleging that she had been unlawfully detained, illegally searched, and wrongfully arrested. Service was perfected on Richfield Township on May 25, 1999. Richfield Township answered, and on September 1, 2000, filed a motion for summary judgment asserting that the Township was statutorily immune from the suit.
On September 20, 2000, sixteen months after the complaint had been filed, Poinar finally obtained service on Schmidt. Schmidt filed a motion to dismiss the complaint on October 17, 2000, based on Poinar's failure to serve the complaint within the time allowed by Civ.R. 3(A). The trial court granted Schmidt's motion to dismiss on November 20, 2000, and granted summary judgment in favor of Richfield Township on November 29, 2000.
Poinar has appealed the trial court's dismissal of her complaint against Schmidt, which has been designated as appellate case number 20384, and the summary judgment order granted in favor of Richfield Township, which has been assigned appellate case number 20383. Although the appeals originate from one case below, they were not consolidated on appeal. However, as the two cases originate from the same set of facts, dates, and case, they are hereby consolidated.
 II.
First, Poinar argues that the trial court erred in dismissing her case against Schmidt, and she has assigned two errors for our review.
ASSIGNMENT OF ERROR NO. 1
THE TRIAL COURT MISAPPLIED CONTROLLING LEGAL AUTHORITY[.]
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ABUSED ITS DISCRETION IN IGNORING THE EVIDENCE THAT SCHMIDT LEFT THE JURISDICTION TO AVOID SERVICE AND MISINTERPRETED CONSTITUTIONAL LIMITATIONS ON OHIO'S TOLLING STATUTE[.]
 Schmidt moved to dismiss the complaint, claiming that Poinar failed to obtain service of process over him within the one-year limitation for commencement of an action established in Civ.R. 3(A). Schmidt argued that because Poinar failed to obtain service of process upon him within one year of filing her complaint, Poinar's action was not timely commenced. Schmidt asserted that since Poinar obtained service of process upon Schmidt two and a half years after the arrest, the two-year statute of limitations barred her claims.
In response, Poinar asserted that there was good cause for her failure to obtain timely service of process upon Schmidt, specifically, that Schmidt intentionally attempted to avoid service. While Schmidt acknowledged changing his residence, he denied doing so to purposefully prevent Poinar from obtaining service of process upon him. Schmidt indicated that he moved due to a job change.
The trial court granted Schmidt's motion to dismiss the complaint, finding that because service had not been obtained until sixteen months after the complaint had been filed, service of process was insufficient. This Court agrees.
"The determination of the sufficiency of service of process is within the sound discretion of the trial court." Vrbanac v. Zulick (Jan. 10, 2001), Summit App. No, 19864, unreported, citing Bell v. MidwesternEducational Serv., Inc. (1993), 89 Ohio App.3d 193, 203, citing C.E.Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279. Therefore, a trial court's determination of the sufficiency of service of process will not be reversed if the decision is "supported by some competent, credible evidence going to all the essential elements of the case[.]" Id.
In the case before us, Poinar filed the complaint and simultaneously requested the clerk to issue service upon Schmidt. Three unsuccessful attempts were made. Poinar made a fourth attempt sixteen months after the complaint had been filed, which was successful. Based on these facts, this Court cannot find that the trial court abused its discretion in holding that there was insufficiency of service of process upon Schmidt.
We note that Poinar's contention that she failed to effect service upon Schmidt due to his intentionally absconding or concealing himself is not a defense to failure to obtain service under Civ.R. 3(A). As the Eighth Appellate District explained:
 Such a defense only applies to the tolling of the statute of limitations for the underlying actions set forth in R.C. 2305.15. See Saunders v. Choi (1984), 12 Ohio St.3d 247, syllabus; Jones v. Casey (Aug. 11, 1994), Cuyahoga App. No. 65624, unreported at 3. Nor does Goolsby v. Anderson Concrete (1991), 61 Ohio St.3d 549, * * * offer any support for [Poinar's] failure to obtain service within a year of [filing] the action.
 (Alterations added.) Braswell v. Duncan (Nov. 26, 1997), Cuyahoga App. No. 72038, unreported. However, even were this Court to find Poinar's argument meritorious, we would not reverse as the trial court did not abuse its discretion in finding that Poinar failed to establish that Schmidt had purposefully absconded or concealed himself in an attempt to avoid service.
Poinar has also argued that she did she produced evidence which established that Schmidt had absconded to Florida in order to avoid service of her complaint, and therefore the trial court abused its discretion in dismissing her complaint. This Court disagrees.
In support of her argument that she proved that Schmidt purposefully avoided service, Poinar states: "[T]he docket reflects that each of the first three attempts at service were returned with an indication that Schmidt had moved leaving no forwarding address[,] and "[c]ertainly, this evidence is at least consistent with a finding that Schmidt had absconded, rather than left to seek gainful employment."
This Court finds that the trial court did not abuse its discretion in finding that Poinar "`produced no evidence whatsoever to establish that * * * Schmidt left Ohio other than to acquire gainful employment in the State of Florida.'"
Poinar's first and second assignments of error are overruled.
 III.
Next, Poinar argues that the trial court erred in granting summary judgment in favor of Richfield Township. She has assigned one error for our review.
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR DEFENDANT RICHFIELD TOWNSHIP[.]
 Poinar argues that the trial court erred in granting summary judgment in favor of Richfield Township. This Court disagrees.
In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court. Perkins v.Lavin (1994), 98 Ohio App.3d 378, 381. Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
Richfield Township moved for summary judgment pursuant to R.C. Chapter 2744, the Political Subdivision Tort Liability Act, claiming that it was entitled to statutory immunity, and that because Poinar did not assert any federal claims she is unable to prevail as a matter of law. In response, Poinar did not address Richfield Township's contention that it is immune under R.C. Chapter 2744 from Poinar's state law claims, but, instead, argued that Richfield Township is not immune from her claims based upon federal violations. Richfield Township retorted that Poinar's complaint is silent as to any allegations of civil rights violations, and that therefore, any arguments premised on federal law are not properly before the court.
The trial court found that Richfield Township is immune from Poinar's state claims, as none of the immunity exceptions under R.C. 2744.02(B) are applicable. The court declined to address Poinar's "newfound allegations" of civil rights violations, reasoning that Poinar failed to allege a constitutional deprivation sufficient to state a claim under Section 1983.
On appeal, Poinar argues that summary judgment was improperly granted. First, she contends that R.C. Chapter 2744 is unconstitutional and cannot therefore shield Richfield Township from her state law claims. However, Poinar did not raise her constitutional challenges to R.C. Chapter 2744 in the trial court and may not do so for the first time on appeal. SeeState v. Awan (1986), 22 Ohio St.3d 120, syllabus. Furthermore, the Attorney General of the state of Ohio was not served with notice that the statute's constitutionality was in issue as required by R.C. 2721.12. This Court has previously explained:
 [A] party who challenges the constitutionality of a statute must (1) assert that claim in the complaint or initial pleading, and (2) serve the Attorney General in accordance with the methods set forth in the Ohio Rules of Civil Procedure. If a party fails to meet these two requirements, the trial court lacks jurisdiction to decide the constitutional question.
 Rutan v. State Farm Fire Cas. Co. (July 12, 2000), Summit App. No. 19879, unreported, citing Cicco v. Stockmaster (2000), 89 Ohio St.3d 95, syllabus.
Poinar has further asserted that the trial court erred in granting summary judgment on the basis of sovereign immunity because R.C. Chapter 2744 cannot protect Richfield Township "when it deprives a citizen of a federally guaranteed civil right[.]" Poinar then argues the merits of her contention, but she fails to address the trial court's finding that these claims were not properly plead. To state a viable claim for relief under Section 1983, Title 42, U.S. Code, a plaintiff must allege that he was deprived of a right, privilege, or immunity secured by the United States Constitution or laws of the United States. See Section 1983, Title 42, U.S.Code; Brock v. McWerter (C.A.6 1996), 94 F.3d 242, 244. Vague assertions of constitutional rights violations are not enough to circumvent the purpose of the R.C. 2744.02 tort immunity provisions.Bram v. City of Cleveland (1993), 97 Ohio App.3d 718, 721. A review of the record reveals that Poinar first raised her federal civil rights claims in her motion in opposition to Richfield Township's summary judgment motion. Accordingly, the trial court did not err in refusing to address them.
This Court finds that summary judgment was properly granted.
 IV.
Poinar's two assignments of error in case number 20384, and her sole assignment of error in case number 20383 are overruled. The judgment of the court of common pleas is affirmed.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ____________________________ DONNA J. CARR
BATCHELDER, P.J., WHITMORE, J. CONCUR.