OPINION
{¶ 1} Plaintiff-appellant, Dr. Robert J. Durick, appeals from a Mahoning County Common Pleas Court decision granting summary judgment in favor of defendant-appellee, eBay, Inc.
 {¶ 2} Appellee operates as an online market place where members can place for sale and/or bid on a wide variety of goods and services. Appellant, a licensed dentist, registered as a member of appellee in January of 1999. Appellant agreed to the terms and conditions of appellee's user agreement.
 {¶ 3} Appellant offered for sale a number of items on appellee's website. For each listing, appellant chose the exact title and description of the item. Twelve of appellant's listings described prescription drugs, controlled substances, or hazardous materials. Many of the descriptions contained the amount of the drug that remained in the bottle. Appellee removed these 12 listings and issued a warning for each listing, claiming that the listings violated either its Prescription Drugs and Devices Policy or its Hazardous, Restricted, and Perishable Items Policy.
 {¶ 4} In November 2002, after issuing 12 warnings over a period of two years, appellee suspended appellant's account for 30 days. In two emails, appellee informed appellant that he had the opportunity to write to appellee at the end of the 30-day period to request an account review to reinstate his account. Appellant did not request reinstatement of his account.
 {¶ 5} Instead, appellant filed a complaint for breach of contract against appellee. Appellant stated that he acted within appellee's policies and procedures and, therefore, appellee improperly terminated his account. Appellant sought reinstatement of his account and damages.
 {¶ 6} Appellee moved for summary judgment on appellant's breach of contract claim. Appellee argued that because its user agreement is clear and unambiguous, and appellant violated the terms of the user agreement, appellee was justified in suspending appellant's account. Therefore, appellee argued that there was no genuine issue of material fact to be determined and it was entitled to judgment as a matter of law. Appellant responded by arguing that there existed genuine issues of material fact concerning whether the items removed by appellee were prohibited under the user agreement and whether appellee acted in good faith in suspending his account.
 {¶ 7} On September 29, 2005, the trial court awarded summary judgment in appellee's favor. The court reasoned that appellant "clearly breached the agreement between himself and Defendant by repeatedly posting item descriptions clearly prohibited by the agreement" and found there was no just cause for delay. Appellant filed this timely appeal on October 28, 2005.
 {¶ 8} Appellant raises one assignment of error, which states:
 {¶ 9} "THE TRIAL COURT ERRED WHEN IT ENTERED SUMMARY JUDGMENT IN APPELLEE'S FAVOR, AS THERE WERE GENUINE ISSUES OF MATERIAL FACT."
 {¶ 10} In reviewing an award of summary judgment, appellate courts must apply a de novo standard of review. Cole v. AmericanIndus. Resources Corp. (1998), 128 Ohio App.3d 546, 552,715 N.E.2d 1179. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. State ex rel. Parsonsv. Flemming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377. A "material fact" depends on the substantive law of the claim being litigated. Hoyt, Inc. v. Gordon Assoc., Inc. (1995),104 Ohio App.3d 598, 603, 662 N.E.2d 1088, citing Anderson v. LibertyLobby, Inc. (1986), 477 U.S. 242, 247-248, 106 S.Ct. 2505,91 L.Ed.2d 202.
 {¶ 11} In a breach of contract claim, the plaintiff must prove the existence of a contract, the plaintiff's performance under the contract, the defendant's breach, and damages. Donerv. Snapp (1994), 98 Ohio App.3d 597, 600, 649 N.E.2d 42.
 {¶ 12} There is no dispute that a contract existed between appellant and appellee. In support of its summary judgment motion, appellee submitted the affidavit of Suza Capps, a customer care specialist for the office of the president of eBay. Capps explained the registration process. In order to become a member of appellee, an individual must register by completing an online registration form. To finalize the online registration process, individuals must accept the user agreement, and all of the policies and procedures incorporated therein, by clicking on a button that says "I Accept." (Capps Aff. ¶ 3). The user agreement states that a member must "read, agree with and accept all of the terms and conditions contained in this user agreement * * *, which include those terms and conditions expressly set out below and those incorporated by reference, before you may become a member of eBay." (Capps Aff. Ex. A). Appellant agreed to be bound by the terms and conditions of appellee's user agreement, therefore creating a binding contract between appellant and appellee.
 {¶ 13} However, appellant argues that there is a dispute as to whether either party breached the terms of the agreement. Specifically, appellant argues that a genuine issue of material fact exists concerning the meaning of appellee's user agreement, and the policies and procedures contained therein.
 {¶ 14} When terms of a contract are clear and unambiguous, the contract's "interpretation is a matter of law and there is no issue of fact to be determined." Inland Refuse Transfer Co. v.Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St.3d 321, 322, 474 N.E.2d 271. However, "when contract terms are ambiguous and one interpretation supports some recovery for plaintiff, the trial court may not enter summary judgment for defendant." Booth v. Caldwell (April 30, 1996), 10th Dist. No. 95APE10-1367. Whether a contract is ambiguous is a question of law. Id.
 {¶ 15} Appellant contends that the terms of the user agreement are ambiguous, and create a genuine issue of material fact for a jury to decide. Appellee, on the other hand, argues that the terms of its user agreement are clear and unambiguous, thus interpretation of the contract is a matter of law as opposed to a matter of fact.
 {¶ 16} Appellee's user agreement explains the terms and conditions governing the relationship between appellee and its members. Section 5.1 of the agreement expressly provides that a member "must be legally able to sell the item(s)" listed for sale on appellee's website. Likewise, section 6.2(d) of the agreement states that any items listed on the website shall not "violate any law, statute, ordinance or regulation."
 {¶ 17} In accordance with the terms of sections 5.1 and 6.2(d), section 18 of the agreement incorporates a Restricted and Prohibited Items Policy, which sets forth items that are prohibited from being listed for sale on the website. The policy includes a Prescription Drugs and Devices Policy as well as a Hazardous, Restricted, and Perishable Items Policy. These policies provide that prescription medications and hazardous materials are prohibited from being sold on appellee's website.
 {¶ 18} The Prescription Drugs and Devices Policy specifically states that appellee "does not permit the listing of any controlled drug or item that requires a prescription from a licensed practitioner (such as a doctor, dentist, or optometrist) to dispense." (Capps Aff. Ex. C). The policy further states that appellee "does not permit the listing of any components of prescription or over-the-counter drugs unless the sale of such components without a prescription has been approved by the Food and Drug Administration." (Capps Aff. Ex. C). The policy also references a link to the FDA's website, where members can determine whether a particular drug requires a prescription by searching the database by drug name.
 {¶ 19} The Hazardous, Restricted, and Perishable Items Policy defines hazardous or dangerous goods as "items that may pose a danger to health, safety, or property while being transported, such as * * * toxic substances." (Capps Aff. Ex. D). The policy specifically states that "such items are not allowed on eBay." The policy provides a link to the U.S. Postal Service website for members to obtain details on hazardous substances and transportation requirements.
 {¶ 20} Appellee's user agreement provides notice to its members of the consequences for breaching the agreement. Section 9 of the agreement states:
 {¶ 21} "Without limiting other remedies, we may immediately remove your item listings, warn our community of your actions, issue a warning, temporarily suspend, indefinitely suspend or terminate your membership and refuse to provide our services to you if:
 {¶ 22} "a. you breach this Agreement or the documents it incorporates by reference;
 {¶ 23} "b. * * *
 {¶ 24} "c. we believe that your actions may cause financial loss or legal liability for you, our users or us." (Capps Aff. Ex. A).
 {¶ 25} The language contained in appellee's user agreement is clear and easily understandable. The agreement also lists and explains prohibited items with specificity and detail. Therefore, the terms of appellee's user agreement are clear and unambiguous. Thus, interpretation of the user agreement is a matter of law to be decided by the court, and no genuine issue of material fact remains to be tried concerning the meaning of the user agreement.
 {¶ 26} Appellant next argues that his affidavit was sufficient to overcome the motion for summary judgment. For support, appellant cites to Bennett v. Falls Polygraph Services,Inc. (Oct. 29, 1986), 9th Dist. No. 12641. In Bennett, the parties submitted conflicting affidavits. The court held that since the affidavits conflicted on the issue of whether the parties entered into a particular agreement, an issue of fact existed.
 {¶ 27} Appellant argues that, like the nonmoving party inBennett, he submitted an affidavit which created a factual dispute sufficient to overcome summary judgment. Appellant stated in his affidavit that the items he listed on appellee's website were not controlled substances but collector's items, and their value was not for use as a prescribed drug, but solely as an antique or collector's item. (Durick Aff. ¶ 4). Appellant further stated that the items listed were in conformity with appellee's policies. (Durick Aff. ¶ 5). Therefore, appellant asserts that his affidavit created a genuine issue of material fact to be decided by a jury.
 {¶ 28} The facts of Bennett, however, are distinguishable from the case at bar. In Bennett, the parties were disputing an oral agreement, and there was no evidence to support either assertion. In this case, unlike in Bennett, appellee offered evidence to support its assertions. Contrary to appellant's unsupported assertions, appellee offered appellant's own item listings to support the fact that he listed 12 items that were controlled substances, prescription drugs, or hazardous materials. (Capps Aff. Ex. E). Appellee also offered undisputed evidence that appellant himself described many of the listed items as "full bottles" or "half bottles." (Capps Aff. Ex. E).
 {¶ 29} The nonmoving party to a summary motion may not avoid summary judgment by simply submitting a self-serving affidavit that contradicts the moving party's evidence. Belknap v.Vigorito, 11th Dist. No. 2003-T-0147, 2004-Ohio-7232, at ¶26-27. To hold otherwise would allow a party to avoid summary judgment simply by submitting a self-serving affidavit with nothing more than unsupported contradictions of the evidence offered by the moving party. Pinchot v. Mahoning Cty. Sheriff'sDept., 7th Dist. No. 05-MA-48, 2005-Ohio-6593, at ¶ 26.
 {¶ 30} In this case, the appellant offered only a self-serving affidavit to refute the evidence presented by appellee. Despite appellant's claims that the bottles were merely collectibles and only had nostalgic value, appellee offered evidence that appellant described the items listed for sale as hazardous materials and bottles filled with substantial amounts of prescription drugs, such as full or half-full bottles. The user agreement does not state that appellee will inquire into the value of an item to determine whether the item is being sold as a prescription drug or hazardous material. Therefore, even if the value of the items that appellant was offering for sale was purely nostalgic, appellant was still in violation of the user agreement because he listed prescription drugs and hazardous materials on appellee's website. Therefore, appellant's self-serving affidavit is not sufficient to preclude summary judgment in this case.
 {¶ 31} Appellant further argues that he did not materially breach the agreement because the prescription bottles contained only traces of drugs, and appellee therefore improperly suspended appellant. However, by attempting to sell any amount of prescription drugs, controlled substances, and hazardous and restricted materials on appellee's website, appellant was in direct violation of Sections 5.1, 6.2(d), and 18 of the user agreement. Further, appellee offered evidence that the bottles offered for sale contained more than mere traces of drugs.
 {¶ 32} Appellant finally argues that the issue of whether appellee acted in good faith in suspending his account is a genuine issue of material fact for the jury to decide. However, appellee has shown that appellant directly violated the terms of its user agreement by listing prescription drugs and hazardous materials on its website, and that it properly suspended appellant in accordance with the agreement. Therefore, there is no genuine issue of material fact concerning whether appellee acted in good faith.
 {¶ 33} Based on the above analysis, no genuine issue of material fact exists. Therefore, the trial court properly granted summary judgment in favor of appellee. Accordingly, appellant's sole assignment of error is without merit.
 {¶ 34} For the reasons stated above, the trial court's judgment is hereby affirmed.
Vukovich, J., concurs.
DeGenaro, J., concurs.