OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Plaintiff-Appellant, Fran Campbell, appeals the decision of the Mahoning County Court of Common Pleas that granted summary judgment to Defendants-Appellees, the City of Youngstown, Kevin Kralj and Michael Damiano, by finding that each was immune from suit under the Political Subdivision Tort Liability Act. On appeal, Campbell argues that her claims were exempt from that Act because she claimed a due process violation. However, Campbell stated a tort claim involving constitutional issues, not a claim for relief based on a constitutional violation, and, therefore, the City is immune from her claim.
 {¶ 2} Campbell further claims that there is a genuine issue regarding whether the individual defendants were immune. However, Campbell did not introduce any evidence showing that Kralj was liable and her only evidence against Damiano was her own self-serving affidavit. This type of evidence is insufficient to establish a genuine issue of material fact for the purposes of summary judgment. Accordingly, the trial court's decision is affirmed.
 Facts {¶ 3} Campbell and her husband owned a house located at 2912 Southern Boulevard in Youngstown, Ohio. The property was vacant and the City received numerous complaints charging the property with being dilapidated, the subject of vandalism, and a gathering place for drug activity. On December 18, 1996, the City issued an order that the property was to be razed or repaired within thirty days. A copy of this order was sent to the address at 2912 Southern Boulevard, but was returned because the property was vacant. Copies of that order were also sent for publication in the local newspaper and posted in a conspicuous place on the property. No changes were made to the property and it was razed on December 7, 1997.
 {¶ 4} On September 7, 2004, Campbell filed a complaint against Appellees sounding in wrongful demolition and arguing that the City had failed to provide her with proper notice of the proposed demolition. Appellees moved for summary judgment on February 1, 2006, arguing that they were immune from suit under R.C. Chapter 2744. *Page 3 
Campbell replied and attached a copy of her affidavit, which contradicted some of the evidence presented by the City. A magistrate heard the motion. Campbell then objected to the magistrate's decision, but the trial court adopted that decision and granted summary judgment to Appellees.
 Summary Judgment {¶ 5} In the first of three assignments of error, Campbell argues:
 {¶ 6} "The trial court failed to construe the evidence presented in the motion for summary judgment in favor of the non-moving Appellant as required by Rule 56, Ohio Rules of Civil Procedure."
 {¶ 7} Under Civ.R. 56, summary judgment is only proper when the movant demonstrates that, viewing the evidence most strongly in favor of the non-movant, reasonable minds must conclude that no genuine issue as to any material fact remains to be litigated and that the moving party is entitled to judgment as a matter of law. Doe v. Shaffer,90 Ohio St.3d 388, 390, 2000-Ohio-0186. A fact is material when it affects the outcome of the suit under the applicable substantive law. Russell v. InterimPersonnel, Inc. (1999), 135 Ohio App.3d 301, 304.
 {¶ 8} When moving for summary judgment, a party must produce some facts that suggest that a reasonable fact-finder could rule in his or her favor. Brewer v. Cleveland Bd. of Edn. (1997), 122 Ohio App.3d 378,386. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis in original.) Dresher v. Burt (1996), 75 Ohio St.3d 280, 296. The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293.
 {¶ 9} Campbell contends that the trial court improperly applied this standard. However, we apply the same standard to review a trial court's decision to grant summary judgment as the trial court used when originally deciding the issue. Parenti v. Goodyear Tire RubberCo. (1990), 66 Ohio App.3d 826, 829. Accordingly, we engage in a de novo review. Id. "De novo review means that the reviewing court is not required to give *Page 4 
any weight or deference to the trial court's judgment." Potts v.Catholic Diocese of Youngstown, 159 Ohio App.3d 315, 2004-Ohio-6816, at ¶ 11. Accordingly, any error the trial court made when reviewing the evidence is harmless and does not form a basis for reversing the trial court's decision. Id. Campbell's first assignment of error is meritless.
 R.C. 2744.09(E) {¶ 10} In her second assignment of error, Campbell argues:
 {¶ 11} "The trial court erred in ruling that Defendant-Appellees' have immunity because Plaintiff-Appellants [sic] due process rights were not violated."
 {¶ 12} According to Campbell, R.C. Chapter 2744 does not render Appellees immune from her suit because her suit falls within the exception found in R.C. 2744.09(E). She contends that her lawsuit makes a civil claim based upon a violation of the Unites States Constitution and, therefore, the trial court improperly granted summary judgment to Appellees.
 {¶ 13} R.C. Chapter 2744 is Ohio's Political Subdivision Tort Liability Act. In order to determine whether a political subdivision is immune from a particular suit, R.C. Chapter 2744 requires a three-tiered analysis. Cater v. Cleveland, 83 Ohio St.3d 24, 1998-Ohio-0421. In the first tier, R.C. 2744.02(A) provides broad immunity to political subdivisions. Allied Erecting Dismantling Co. v. Youngstown,151 Ohio App.3d 16, 2002-Ohio-5179, at ¶ 27, quoting Summers v. Slivinsky (2001),141 Ohio App.3d 82, 86-87. In the second tier of the analysis, R.C.2744.02(B) provides five exceptions to the general rule of immunity. Id. Finally, in the third tier, a political subdivision or its employee can then "revive" the defense of immunity by demonstrating the applicability of one of the defenses found in R.C. 2744.03. Id. For instance, an employee of a political subdivision may claim immunity unless the plaintiff can prove the employee actions or omissions were (1) manifestly outside the scope of the employee's employment or official responsibilities; (2) were committed with malicious purpose, bad faith, or in a wanton or reckless manner; or 3) liability is imposed on the employee by a section of the Revised Code. R.C. 2744.03(A)(6).
 {¶ 14} However, the Act does not apply to all suits; R.C. 2744.09
lists five types of *Page 5 
actions which are excepted from immunity. This list includes R.C.2744.09(E), which provides that R.C. Chapter 2744 does not apply to "[c]ivil claims based upon alleged violations of the constitution or statutes of the United States."
 {¶ 15} When deciding whether the exception in R.C. 2744.09(E) applies to a particular claim, courts have distinguished between cases which involve constitutional issues and cases which have a claim for relief based on a federal constitutional or statutory violation. Thus, Ohio's courts have recognized that R.C. Chapter 2744 does not apply to a claim raised under Title 42, U.S. Code, Section 1983, which provides a remedy to those persons whose federal rights have been violated by government officials. See Patton v. Wood Cty. Humane Soc, 154 Ohio App.3d 670,2003-Ohio-5200, at ¶ 32-33. Likewise, R.C. Chapter 2744 does not apply to a lawsuit brought under the federal Fair Labor Standards Act of 1938.Dick v. Merillat (2000), 139 Ohio App.3d 716, 721.
 {¶ 16} In contrast, courts have not treated a claim as falling under R.C. 2744.09(E) if those cases merely raise constitutional issues. For instance, in Bram v. Cleveland (1993), 97 Ohio App.3d 718, the plaintiff was making a claim similar to one Campbell is making in this case, the court concluded that a claim of wrongful demolition did not become a constitutional claim merely because due process issues were part of the case; the "essential nature" of the claim was still a tort claim for wrongful demolition. Id. at 721; see also Browning v. Chillicothe (Dec. 20, 1995), 4th Dist. No. 95-CA-2086; Broadview Mtg. Co. v.Cleveland (Mar. 18, 1993), 8th Dist. No. 61939.
 {¶ 17} Campbell has tried to distinguish Bram from this case, by noting that the constitutional issues in that case only arose after the plaintiff amended its complaint in response to a motion for summary judgment claiming political subdivision immunity. This series of events, according to Campbell, shows that the claims in Bram were not truly about a constitutional violation. Campbell then contrasts these facts with those in this case by pointing out that her claim about lack of proper notice was raised in her initial complaint.
 {¶ 18} Campbell clearly shows that this case and Bram are not identical, but it is a distinction without a difference for the purpose of this case. Bram demonstrates the *Page 6 
method of analysis we must use; it does not dictate the results in this case. The method, looking to the essential nature of the claim, is the same regardless of when the constitutional issues were first raised.
 {¶ 19} The question in this case, therefore, is whether Campbell's complaint states a cause of action for a violation of a constitutional right upon which relief may be granted. A political subdivision can be liable under Section 1983 if that entity had a policy or custom which was the driving force behind the constitutional violation. Polk Countyv. Dodson (1981), 454 U.S. 312, 326. Campbell's complaint alleges no such policy or custom. Therefore, she has failed to state a claim based on a constitutional violation against the City of Youngstown. Accordingly, R.C. 2744.09(E) does not apply to that claim and the City of Youngstown is subject to the immunity provided by R.C. Chapter 2744.
 {¶ 20} A plaintiff may bring a Section 1983 claim against state employees in their individual capacities for monetary relief. Hafer v.Melo (1991), 502 U.S. 21, 30-31. "The elements of a Section 1983 claim are that the conduct in controversy must be committed by a person acting under color of state law, and the conduct must deprive the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." Mankins v. Paxton (2001), 142 Ohio App.3d 1, 9.
 {¶ 21} In her complaint, Campbell states that "the city defendant in its demolition department" failed to provide her with the proper notice; she did not allege any wrongdoing on behalf of any of the named defendants in particular. Since Campbell has not stated that any of these individuals acted under color of state law, she has failed to state a 1983 action against them.
 {¶ 22} Campbell's complaint has failed to state any claim against any of the defendants based upon alleged violations of the federal constitution or statutes. Thus, her claims are not exempt from the provisions of R.C. Chapter 2744. The trial court properly granted summary judgment to Appellees on this issue and Campbell's second assignment of error is meritless.
 Individual Immunity *Page 7 {¶ 23} In her third assignment of error, Campbell argues
 {¶ 24} "The trial court erred in determining that as a matter of law that the employee's [sic] of the City has immunity pursuant to R.C. 2744.02."
 {¶ 25} Campbell claims the trial court erred by finding the individually named defendants immune from suit because there is a genuine issue regarding whether Damiano acted in either bad faith or a wanton and reckless manner when he failed to send her notice of the proposed demolition.
 {¶ 26} As both parties recognize, employees of a political subdivision are not immune from suit under R.C. 2744.02, since this statute only refers to immunity for a political subdivision. "When a plaintiff sues an individual employee of a political subdivision, the analysis begins with R.C. 2744.03(A)(6)." Thorp v. Strigari, 155 Ohio App.3d 245,2003-Ohio-5954, at ¶ 31. That statute provides as follows:
 {¶ 27} "In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:
 {¶ 28} "(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
 {¶ 29} "(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
 {¶ 30} "(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term `shall' in a provision pertaining to an employee." R.C. 2744.02(A)(6).
 {¶ 31} Campbell argues that there is a genuine issue regarding whether the individual defendants are liable under R.C. 2744.03(A)(6)(b). In support of this argument, *Page 8 
Campbell presented her own affidavit which states that it is her "belief" that one of the defendants knew of her mailing address and "chose" not to notify her of the proposed demolition because "he was frustrated in dealing with me in my efforts to repair my rental properties." She also attaches copies of summons from the Youngstown Municipal Court, which dealt with her failure to maintain a vacant structure. One of the summons dealt with the structure at issue in this case and was sent to her actual address in April 1996. The other summons dealt with a different structure and was sent to her actual address in January 1997. She therefore argues that the failure to send notice of the demolition to that address shows bad faith, maliciousness, or was wanton and reckless.
 {¶ 32} First, it must be noted that Campbell's complaint names both Kevin Kralj and Michael Damiano personally as defendants. However, her affidavit does not mention Kralj and there is no indication in the record that he is involved with this situation in any way. Instead, all the facts stated in that affidavit address actions by Damiano and Joseph Palermo. Accordingly, the trial court correctly granted summary judgment to Kralj.
 {¶ 33} Furthermore, Campbell's affidavit is nothing more than a self-serving affidavit designed to contradict the evidence presented by Appellees. "[A] nonmoving party may not avoid summary judgment by merely submitting a self-serving affidavit contradicting the evidence offered by the moving party." Greaney v. Ohio Turnpike Com'n, 11th Dist. No. 2005-P-012, 2005-Ohio-5284, at ¶ 16; see also Durick v. eBay, Inc., 7th Dist. No. 05-MA-198, 2006-Ohio-4861, at ¶ 29. The only evidence which Campbell introduces, other than the affidavit, are the summons referenced above. However, there is no evidence that Damiano or Palermo were involved with the issuances of those summons. Simply put, there is nothing in the record, other than Campbell's self-serving affidavit, which contradicts the evidence presented by Appellees. She has failed to meet her burden of introducing evidence showing a genuine issue regarding whether Damiano acted with malicious purpose, in bad faith, or in a wanton or reckless manner. Accordingly, the trial court properly granted summary judgment to Damiano by finding him immune from suit. The arguments in Campbell's third assignment of error are meritless.
 Conclusion *Page 9 
 {¶ 34} Campbell argues that her claims were exempt from that Act because she claimed a due process violation. However, Campbell has stated a claim involving constitutional issues, not a claim for relief based on a constitutional violation, and, therefore, the City is immune from her claim.
 {¶ 35} Campbell further claims that there is a genuine issue regarding whether the individual defendants were immune. However, Campbell did not introduce any evidence showing that Kralj was liable and her only evidence against Damiano was her own self-serving affidavit. This type of evidence is insufficient to establish a genuine issue of material fact for the purposes of summary judgment.
 {¶ 36} Accordingly, Campbell's assignments of error are meritless and the judgment of the trial court is affirmed.
Donofrio, J., concurs in judgment only.
 Waite, J., concurs in judgment only. *Page 1