JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Gladys Lopez, appeals from a summary judgment granted to defendant-appellee, Citizens Automobile Finance, Inc. ("Citizens"), on her complaint that Citizens wrongfully repossessed her automobile after she allegedly failed to make a payment on her loan. Her three assignments of error complain that the court erred by accepting an affidavit offered by Citizens while at the same time rejecting her own affidavit, and that genuine issues of material fact precluded summary judgment.
 {¶ 2} In January 2004, Lopez financed the purchase of an automobile with a loan issued by Charter One Auto Finance Corporation.[1] The terms of the loan agreement stated that Lopez would be in "default" of the loan if, among other things, she "fail[ed] to make a payment in full when due." The loan agreement provided Charter One with certain remedies in the event of Lopez's default, including the right to demand immediate payment of the remaining unpaid balance of the loan or Charter One's right to take immediate possession of the vehicle by legal process or self-help. Lopez made payments from January 2004 to October 2004. She did not make the November 2004 payment, but then went *Page 4 
on to make the regular payments from December 2004 to September 2005. During this time, monthly late fees of $31.06 began accruing on the missed November 2004 payment, so in September 2005, Citizens sent Lopez a letter informing her of the deficiency and demanding payment. Lopez failed to make the November 2004 payment, so Citizens sent notice of its intent to repossess the automobile. When no payment arrived, Citizens repossessed the automobile and sold it at auction. It claimed a remaining deficiency on Lopez's loan of $4,521.36.
 {¶ 3} Lopez brought this action setting forth causes of action for breach of contract, negligent repossession, slander of credit, intentional infliction of emotional distress, and wrongful sale of collateral without notice.
 {¶ 4} Citizens filed a motion for summary judgment that offered an affidavit from a legal specialist in its asset recovery division that showed that Lopez missed several payments despite repeated attempts to contact her to arrange payment. Lopez claimed that she timely made all payments to Charter One, that she had no notice that Citizens had acquired Charter One, and that loan payments made to Charter One were not properly credited to her account. She also challenged the accuracy of certain statements contained in the affidavit submitted by Citizens, arguing that these alleged errors showed faulty record-keeping by Citizens, thus supporting her claim that she had made her payments. *Page 5 
 {¶ 5} The court granted the motion for summary judgment, finding that Lopez's affidavit was self-serving and offered no evidence to counter Citizens' evidence that she failed to make the November 2004 payment.
 I {¶ 6} In her first assignment of error, Lopez complains that the court erred by rejecting her affidavit while at the same time accepting the affidavit offered by Citizens. In her third assignment of error, Lopez argues that the court should not have accepted an affidavit from a Citizens employee because Charter One held the loan at the time of the alleged default in November 2004.
 A {¶ 7} Civ. R. 56(E) states: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit."
 B {¶ 8} Citizens submitted an affidavit by a legal specialist who worked for Citizens in asset recovery. The specialist attested to her personal knowledge of the facts set forth in the affidavit, her familiarity with Lopez's account and the actions taken by Citizens with regard to that account. The specialist went on to detail the specifics of the account, including Lopez's payment record and Citizens' attempts to contact Lopez about her missed payments. *Page 6 
 {¶ 9} Although Lopez's brief in opposition to Citizens' motion for summary judgment made a conclusory charge that the specialist's affidavit was based on hearsay and not based on her knowledge of the account, Lopez did not file a motion to strike the affidavit. We have long held that absent a motion to strike, the court must assume that affidavits comply with the requirements of Civ. R. 56(E). Chiccola v.Hickey (Dec. 15, 1977), Cuyahoga App. No. 36733. See, also, Ott v.Buckeye Local School Dist. Bd. of Edn. (Aug. 27, 1986), Medina App. No. 1494; Miller v. Bailey (July 27, 1995), Richland App. No. 94-CA-66.
 {¶ 10} In any event, the specialist averred that her affidavit was based on personal knowledge of the facts set forth in the affidavit, and those facts referenced a printout of Lopez's payment history as documented by Citizens. The payment history was obviously a business record kept in the normal course of business, and thus within the hearsay exception set forth in Evid. R. 803(6).
 C {¶ 11} Although the court did not strike Lopez's affidavit, it found her affidavit to be so self-serving as to be devoid of evidentiary value and "insufficient to establish a genuine issue of material fact for trial."
 {¶ 12} In Wolf v. Big Lots Stores, Inc., Franklin App. No. 07AP-511,2008-Ohio-1837, ¶ 12, the Tenth District Court of Appeals stated: "A party may not establish a material issue of fact in opposition to summary judgment by submitting a self-serving affidavit presenting nothing more than bare *Page 7 
contradictions of other competent evidence and conclusory statements of law." (Citation omitted.) See, also, Motley v. Flowers Versagi CourtReporters, Inc. (Dec. 11, 1997), Cuyahoga App. No. 72069; Campbell v.City of Youngstown, Mahoning App. No. 06 MA 184, 2007-Ohio-7219, ¶ 33.
 {¶ 13} Lopez averred that Citizens "assumed or took over her account from Charter One Financial Corporation without notice to her" and that she "continued to make her regular payments, including with each the payment coupon that was required in her agreement." In Ford Motor CreditCo. v. Walker, Cuyahoga App. No. 82828, 2003-Ohio-6163, we held on very similar facts that a debtor's affidavit that claimed that the debtor had made payments on an automobile loan was self-serving because the debtor failed to attach any evidence of payment. Id. at ¶ 14. Lopez offered no documentary evidence to support these contentions — either by cancelled check or other form of payment. The evidence she did offer — photocopies of two postal money orders — were payments for September and October 2005 and did not apply to the November 2004 deficiency. Absent some form of evidence to substantiate her claims, the court did not abuse its discretion by concluding that Lopez's affidavit was self-serving.
 II {¶ 14} Lopez's second assignment of error complains that the court erred by granting summary judgment because there were issues of material fact based on the parties' contrary positions regarding payment. In making this argument, *Page 8 
she has not addressed any of the specific counts of her complaint relating to her tort or statutory claims, correctly assuming that the breach of contract claim is a prerequisite for the tort and statutory claims. We therefore limit our discussion solely to whether the court erred by finding that Citizens had the right of repossession due to Lopez's failure to make payments on the loan.
 {¶ 15} The construction of a written contract is a matter of law that we undertake de novo, with no deference to the court's findings.Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, paragraph one of the syllabus. The primary objective in construing a contract is to ascertain and give effect to the intent of the parties, and that intent is presumed to be contained in the contract language used by the parties. Alternatives Unlimited-Special, Inc. v. Ohio Dept. ofEdn., 168 Ohio App.3d 592, 2006-Ohio-4779, ¶ 20.
 {¶ 16} The loan agreement provided that "[y]ou will be in default on this Agreement" if "[y]ou fail to make a payment in full when due." Among the remedies listed are Citizens' right to seek immediate payment of the remaining unpaid balance on the loan. The remedies section of the loan agreement states: "By choosing one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again."
 {¶ 17} When Lopez failed to make the November 2004 payment, she was in default under the loan agreement. Citizens did not, however, elect to implement *Page 9 
any of its contractual remedies, but instead charged her a late fee of $31.06. Lopez made all payments from December 2004 to September 2005, but during that time, Citizens continued to charge a monthly late fee for the missed November 2004 payment. On September 6, 2005, Citizens sent Lopez a letter informing her that she had an amount due of $870.18[2] and that payment must be made within five days to prevent any further action to secure payment on the account. Citizens acknowledged that Lopez made the September payment. On September 15, Citizens sent Lopez another letter, again informing her that the unpaid balance remained owing and that she had five days in which to make payment or further action would be taken. Citizens did not receive payment and initiated repossession of the automobile on October 14, 2005. It informed Lopez that her car would be returned to her if she made prompt payment or refinanced with another lender within 21 days. According to the asset recovery specialist, Lopez informed her on that same day, October 14, 2005, that she had made payment by money order for both September and October 2005. Citizens said that it received payment for September 2005, but not for October 2005. Lopez told Citizens on November 11, 2005, that she had "received" a money order to *Page 10 
pay the recovery fee for the repossessed automobile, but the specialist said that Lopez did not fax a copy of that payment as requested, and that Citizens ultimately received no payment for the recovery fee.
 {¶ 18} In her brief in opposition to summary judgment, Lopez appended copies of two postal money orders made out to Citizens — one dated August 8, 2005; the other dated September 12, 2005. Both of the postal money orders bear marks showing that they were endorsed by Citizens. Importantly, the money order dated September 12, 2005, was not endorsed by Citizens until October 17, 2005. This was three days after Lopez told Citizens that she had made the October payment. It is unclear why a money order issued on September 12, 2005 was not negotiated by Citizens until October 17, 2005.
 {¶ 19} The nonmoving party to a motion for summary judgment is entitled to all reasonable inferences from the evidence. See Civ. R. 56(C). It would be a reasonable inference that, after learning from Lopez on October 14 that she sent the October payment, Citizens tracked the payment down and negotiated the money order three days later. It bears noting that October 14, 2005 fell on a Friday, meaning that Citizens did not negotiate the money order until the following Monday. But regardless of when Citizens might have negotiated the money order, reasonable minds could find that it constituted payment for October 2005 consistent with what Lopez had told Citizens on October 14, 2005. *Page 11 
 {¶ 20} If reasonable minds could differ on whether Lopez made the October 2005 payment, it follows that she may not have defaulted in a manner sufficient to allow Citizens to exercise the contractual remedy of repossession. By not seeking any remedy following the November 2004 missed payment, Citizens was bound by contract language to the effect that "[b]y deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again." (Emphasis added.) By its own terms, and under the facts presented in this case, the loan agreement required a second default as a contractual prerequisite for Citizens' right to seek the remedy of repossession when it failed to exercise any of the remedies available to it following the first default. It follows that a question of fact exists as to whether Lopez failed to make the October 2005 payment, thus creating a second default that would allow Citizens to implement the contractual remedy of repossession. The second assignment of error is sustained.
Judgment reversed and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that appellant recover of appellee her costs herein taxed.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. *Page 12 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and PATRICIA ANN BLACKMON, J., CONCUR
[1] It appears that Citizens Bank, N.A. acquired Charter One Auto Finance Corporation and the combined entities later changed their name to RBS Citizens, N.A. Although Lopez maintains that she made timely loan payments to Charter One and not Citizens, unless otherwise noted we will use the term "Citizens" to refer to the appellee.
[2] The $870.18 figure represented $279.54 in late fees and $590.64 as past due. The amount of late fees reflects nine months in which the November 2004 payment remained owing. The $590.64 amount past due on the account consisted of two monthly payments of $310.55, less $31.06 in late fees, plus 60 cents that consisted of the combined shortcomings in two separate payments for September 2004 and April 2005. *Page 1