OPINION
{¶ 1} Joseph and Cheryl Lombardo appeal from the grant of summary judgment by the Geauga County Court of Common Pleas to Parkview Federal Savings Bank ("Parkview") and its chairman and CEO, Jack Male,[1] on their counterclaim for invasion of privacy arising from a foreclosure action. We affirm.
 {¶ 2} February 23, 2005, Parkview filed a foreclosure action in Geauga Common Pleas, alleging that the Lombardos had defaulted on a promissory note, and mortgage securing the note. March 4, 2005, the Lombardos answered, admitting execution of the note and deed, but denying all other allegations in the complaint. The Lombardos also counterclaimed against Parkview and Mr. Male, alleging that Parkview attempted to collect on a debt for $300,000 not owed to it by the Lombardos, even after Mr. Lombardo showed Parkview that the Social Security number relating to the alleged debt was not his. Against Mr. Male, the counterclaim alleged that he knew the $300,000 debt did not exist, and failed to stop his bank from trying to collect it.
 {¶ 3} April 21, 2005, Parkview and Mr. Male moved to dismiss the counterclaim. The Lombardos responded May 27, 2005. That same day, a stipulated dismissal was filed regarding Parkview's complaint, the Lombardos having paid off on their note. Ultimately, the trial court denied the motion to dismiss.
 {¶ 4} December 19, 2005, Parkview and Mr. Male filed a motion for summary judgment on the counterclaim. Attached thereto was Mr. Male's affidavit, affirming that as chairman and CEO of Parkview, he was not involved in its debt collection activities and had no knowledge relating to any attempt to collect debts from the Lombardos. Also attached was the affidavit of Sharon Ference, the assistant vice president at Parkview in
 {¶ 5} charge of payments. Her affidavit introduced the note and mortgage relating to Parkview's foreclosure action, and evidence the Lombardos defaulted on payment. Most significant is ¶ 13 of Ms. Ference's affidavit, which states: "Park View Federal has no knowledge of contacting either Joseph or Cheryl Lombardo regarding any accounts owed by persons other than Joseph and Cheryl Lombardo."
 {¶ 6} The Lombardos filed their brief in opposition to the summary judgment motion, along with Mr. Male's deposition, January 20, 2006. The Lombardos maintained that their action was for invasion of privacy. Attached to their brief were the affidavits of Mr. Lombardo and the Lombardos' attorney, and a letter dated September 22, 2004, from the Lombardos' attorney to Mr. Pope, a collections officer at Parkview. In the letter, the Lombardos' attorney told Mr. Pope that Mr. Lombardo was "in receipt of information which contained erroneous information" relating to a loan not his, for $300,000, and containing a Social Security number different than Mr. Lombardos'. In his affidavit, Mr. Lombardo alleged that Parkview contacted him in 2004, and tried to collect on a $300,000 loan he did not owe, even after his attorney informed Parkview of the error. Mr. Lombardo alleged Mr. Male knew of the problem. In his affidavit, the Lombardos' attorney affirmed that he contacted Parkview about the alleged $300,000 loan; that Mr. Lombardo informed him that Parkview continued to try to collect on the alleged loan; and, that Parkview never confirmed to him that such a loan existed.
 {¶ 7} February 6, 2006, the trial court filed its judgment entry, granting the motion for summary judgment. Its decision, filed simultaneously, concludes with the following remark: "Lombardo has submitted no reliable, probative evidence in support of his contention that Parkview's and Male's actions constitute invasion of privacy or any other actionable tort under Ohio law."
 {¶ 8} February 24, 2006, the Lombardos timely noticed this appeal, making one assignment of error:
 {¶ 9} "The trial court erred by granting summary judgment when there were genuine issues of material fact and probative evidence to support the contention that Appellee Parkview and Appellee Male's actions constituted invasion of privacy, specifically the facts that relate to Appellee's acknowledgment that Appellants were not the debtors and Appellants repeated written requests to correct internal reporting issues relating to an inaccurate Social Security Number. (Appellant Joseph Lombardo's Affidavit T.d. 60 — Exhibit C, T.d. 60-Exhibit D, and T.d. 64) [.]"
 {¶ 10} In order for a summary judgment to be granted, the moving party must prove: "* * * (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispawv. Eckstein, 76 Ohio St.3d 383, 385, 1996-Ohio-389.
 {¶ 11} The Supreme Court of Ohio stated in Dresher v. Burt,75 Ohio St.3d 280, 296, 1996-Ohio-107, that: "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying thoseportions of the record which demonstrate the absence of a genuineissue of fact on a material element of the nonmoving party'sclaim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis sic.)
 {¶ 12} If the moving party satisfies this burden, then the nonmoving party has the burden pursuant to Civ.R. 56(E) to provide evidence demonstrating a genuine issue of material fact.Dresher at 293. If the nonmoving party does not satisfy this burden, then summary judgment is appropriate pursuant to Civ.R. 56(E). A nonmoving party does not meet this burden by submitting self-serving affidavits merely contradicting the evidence offered by the moving party. Greaney v. Ohio Turnpike Comm., 11th Dist. No. 2005-P-0012, 2005-Ohio-5284, at ¶ 16.
 {¶ 13} Appellate courts review a trial court's grant of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 711. The Brown court stated that "we review the judgment independently and without deference to the trial court's determination. Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735,741. Furthermore, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 14} By their counterclaim, the Lombardos attempted to set forth a cause of action for invasion of privacy. This tort was recognized in Ohio by Housh v. Peth (1956), 165 Ohio St. 35, at paragraph two of the syllabus. Thus, though entitled to undertake "reasonable action to pursue his debtor and persuade payment," id. at paragraph three of the syllabus, a creditor may be liable for invasion of privacy where he "initiates a campaign to harass and torment the debtor * * * [.]" Id. at paragraph four of the syllabus. Relative to debt collection, the gravamen of the tort is "the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." Id. at paragraph two of the syllabus.
 {¶ 15} The Lombardos' counterclaim was appropriately subject to summary judgment for two reasons. The first relates to the burden placed on nonmovants pursuant to Civ.R. 56(E). The second relates to the burden required for actionable invasion of privacy under Housh.
 {¶ 16} As noted above, this court has held that a nonmoving party cannot defeat a properly supported summary judgment motion simply by making contradictory assertions via affidavit.Greaney at ¶ 16. Rather, the nonmovant must point to specific facts showing a genuine issue for trial. Id. at ¶ 17. As the trial court correctly indicated, the evidentiary materials submitted by the Lombardos simply do not reach this standard.
 {¶ 17} By the affidavit of Ms. Ference, Parkview sufficiently denied any knowledge of attempting to collect from the Lombardos a debt not owed by them. The materials submitted by the Lombardos — the deposition of Mr. Male, the affidavit of Mr. Lombardo, and the affidavit and September 22, 2004 letter of the Lombardos' attorney — do not establish evidence to the contrary.
 {¶ 18} In his deposition, Mr. Male admitted that he was aware that Mr. Lombardo had complained about an incorrect Social Security number relative to his bank business. He was unaware that this supposedly related to the alleged $300,000 debt.
 {¶ 19} By his affidavit, Mr. Lombardo simply states that in 2004, Parkview demanded payment of a $300,000 debt by him, which he did not owe; and that Parkview continued to demand payment, even after his attorney informed it the debt was non-existent. There is no allegation regarding how these demands were made, or how many times. There is no documentary evidence.
 {¶ 20} By his affidavit, and letter of September 22, 2004, the Lombardos' attorney merely states that Mr. Lombardo informed him that Parkview had, and continued, to mistakenly demand payment by him of a non-existent $300,000 debt; that the error related to an incorrect Social Security number; and, that Parkview never responded to his request to confirm the existence of the $300,000 loan. Notably, all of the information relied upon by the Lombardos' attorney was received from Mr. Lombardo. No documentary evidence relating to the alleged $300,000 loan — or Parkview's alleged attempts to collect it — is referred to by the Lombardos' attorney. No specifics regarding the allegedly erroneous Social Security number culprit of this drama are mentioned.
 {¶ 21} In sum, the effect of Ms. Ference's affidavit is to challenge that Parkview ever did attempt to collect the alleged $300,000 debt from the Lombardos. The materials submitted by the Lombardos do not effectively challenge this. And, contrary to the Lombardos' assertion, the trial court did not engage in a prohibited weighing of evidence under Civ.R. 56. Rather, the Lombardos' evidentiary materials are simply too insubstantial to register in the balance. They are insufficient under Civ.R. 56(E). Cf. Greaney at ¶ 16-17.
 {¶ 22} Further, even accepting the validity of all the Lombardos' assertions in support of their counterclaim, no actionable invasion of privacy is established under Housh. For a creditor to be liable under this tort, a complainant must show that the creditor's intrusions into his or her privacy were of the type "to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." Id. at paragraph two of the syllabus. A creditor must mount "a campaign to harass and torment the debtor * * * [.]" Id. at paragraph four of the syllabus. This same standard may apply even if the creditor is pursuing a non-existent debt. Thus, in Stephens v.Harmony Loan Corp. (1973), 37 Ohio App.2d 23, 28, the First Appellate District held:
 {¶ 23} "We conclude that while a creditor has a right to take reasonable action to pursue his debtor and persuade payment, such action is not reasonable and constitutes an invasion of the right of privacy, malicious and without probable cause, where a creditor or his representative instititutes (sic), on four occasions, proceedings in aid of execution * * * after it knows or should know the wage earner is not, in fact, the judgment debtor * * * [.]"
 {¶ 24} In the instant case, the affidavits of Mr. Lombardo and the Lombardos' attorney, and the latter's September 22, 2004 letter, merely indicate that Parkview may have demanded payment, on more than one occasion, of a nonexistent debt. While one may question the First District's application of the full Housh
standard to attempts to collect on a nonexistent debt, as opposed to a valid one, nothing in the materials submitted by the Lombardos indicates any type of harassing activity by Parkview.[2]
 {¶ 25} Quite simply, the Lombardos point to no evidence of actionable invasion of privacy. The assignment has no merit.
 {¶ 26} The judgment of the Geauga County Court of Common Pleas is affirmed.
William M. O'Neill, J., Diane V. Grendell, J., concur.
[1] The notice of appeal in this case spelled Mr. Male's name "Mahle." That is the spelling which this court uses for its captions. Nevertheless, since the trial court record indicates "Male" is the actual spelling, we have used that throughout this opinion.
[2] The Stephens court does not reference Housh, though the standard applied is obviously the same. The question whether a creditor may be liable for less obnoxious intrusions into privacy than required under Housh and its progeny for attempts to collect a non-existent debt was not presented to either the trial court, or this court, and we do not reach it.