OPINION
{¶ 1} Appellant, Farrell G. Belknap, Jr. ("Belknap"), appeals from a judgment entry of the Trumbull County Court of Common Pleas, granting summary judgment in favor of appellee, Philip M. Vigorito ("Vigorito"), in Belknap's suit for legal malpractice. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} In September 2001, Belknap retained Vigorito to represent him in four allegedly unrelated criminal matters pending in the Ravenna Municipal Court. Belknap paid Vigorito $2,000 to secure his legal services. In October 2001, Belknap alleges that Vigorito, for his personal convenience, combined the four pending cases without Belknap's consent. On October 30, 2001, Vigorito filed a motion to suppress and dismiss on Belknap's behalf. Although the motion was captioned correctly, the defendant named in the motion was not Belknap. Belknap also claims that the substance of the motion did not relate to the charges pending against him. Belknap further alleges that, on the day of the suppression hearing, Vigorito withdrew the faulty motion and never filed a corrected motion with the court.
 {¶ 3} On December 21, 2001, Vigorito filed a motion entitled, "Motion to Withdraw and Judgment Entry." In this motion, Vigorito stated that "[Belknap] has fired counsel because of various disagreements over the merits and trial strategies as well as his inability to try the aforementioned cases immediately and separately as [Belknap] feels they should be done."
 {¶ 4} Belknap retained new counsel for the trial of the four cases. Belknap alleges that his new counsel was unable to bifurcate the cases, that his new counsel had less than thirty days to prepare for trial, and that his new counsel was unsuccessful in preventing the admission of the evidence that was the subject of the suppression hearing.[1]
Ultimately, Belknap was convicted of at least one of the charges.
 {¶ 5} On December 18, 2002, Belknap filed a complaint against Vigorito alleging attorney malpractice. Belknap alleged that Vigorito was negligent in the following ways: (1) by combining the cases without Belknap's consent; (2) by refusing to interview witnesses and subpoena records for the defense; (3) by failing to file a proper motion to suppress; (4) by pressuring Belknap to accept the plea negotiated by Vigorito; and (5) by not returning the unused portion of the retainer.
 {¶ 6} Vigorito subsequently moved the court for summary judgment, which the court granted. This appeal timely follows.
 {¶ 7} Belknap raises the following assignments of error:
 {¶ 8} "[1.] Appellant was denied [a] fair trial and substantial justice due to the trial Court wrongfully finding that there were no genuine issues of material fact and thereby granting the Summary Judgment and further by not viewing the evidence in the light most favorable to the non-moving party.
 {¶ 9} "[2.] Appellant was denied [a] fair trial and substantial justice due to the trial Court abusing it's discretion in granting Appellee's Motion for Summary Judgment and absolving Appellee of any wrongdoing while Appellant still has an Appeal before the Eleventh District Court of Appeals. At issue in that Appeal is Appellee's negligence and ineffective assistance of counsel.
 {¶ 10} "[3.] Appellant was denied [a] fair trial and substantial justice due to the Court not applying the accepted standards for a legal malpractice claim.
 {¶ 11} "[4.] Appellant was denied [a] fair trial and substantial justice due to the Court's finding that there were no material issues of fact because as a layman, Appellant was incapable of determining that Appellant did anything wrong and is required to hire an attorney and an expert witness before bringing an action against Appellant."
 {¶ 12} Because all of Belknap's assignments of error challenge the propriety of the trial court's grant of summary judgment, we will address his arguments in a consolidated fashion.
 {¶ 13} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, viewed in a light most favorable to the nonmoving party, that reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. Zivich v. Mentor Soccer Club, Inc., 82 Ohio St.3d 367,369-370, 1998-Ohio-389. "[A] party seeking summary judgment * * * bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. * * * If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden * * * to set forth specific facts showing that there is a genuine issue for trial * * *."Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107.
 {¶ 14} A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. Grafton v. OhioEdison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision. Brown v. Cty. Commrs. of Scioto County (1993),87 Ohio App.3d 704, 711.
 {¶ 15} The Ohio Supreme Court has held that "[t]o establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss." Vahila v. Hall, 77 Ohio St.3d 421,1997-Ohio-259, at syllabus. See, also, Krahn v. Kinney (1989),43 Ohio St.3d 103. "Failure to prove any one of these elements entitles a defendant to summary judgment on a legal malpractice claim." Brunstetterv. Keating, 11th Dist. No. 2002-T-0057, 2003-Ohio-3270, at ¶ 13. This court has held that "[s]ummary judgment in favor of the attorney is appropriate when a plaintiff fails to supply expert testimony on alleged negligence that is `neither within the ordinary knowledge of the layman nor so clear as to constitute negligence as a matter of law.'" Id. at ¶ 16, quoting Bloom v. Dieckmann (1983), 11 Ohio App.3d 202, 203.
 {¶ 16} Vigorito argues that, without expert testimony on the standard of care applicable to criminal defense work, Belknap cannot prove, as a matter of law, that Vigorito was negligent in his representation of Belknap. Belknap responds that expert testimony is not necessary because Vigorito's negligence is within the ordinary knowledge and understanding of a lay juror.
 {¶ 17} We note, as an initial matter, that several of Belknap's allegations do not provide grounds on which claims of legal malpractice can be based. The allegation that Vigorito pressured Belknap to accept a plea bargain simply does not constitute negligence. Belknap did not accept the plea bargain and, ultimately, was able to exercise his right to trial. Moreover, Vigorito had the duty to advise Belknap of the course of conduct that Vigorito, in his professional opinion, believed was in Belknap's best interest. EC 7-7, ("[a] defense lawyer in a criminal case has the duty to advise his client fully on whether a particular plea to a charge appears to be desirable"); EC 7-3, (recognizing a lawyer's role as advocate and advisor); State v. Lavender, 11th Dist. No. 2000-L-049, 2001-Ohio-8790, 2001 Ohio App. LEXIS 5858, at 5-6. The allegation that Vigorito failed to interview witnesses or subpoena records in preparation for trial is insufficient, as there was no evidentiary material offered as to the exculpatory nature of the testimony of these witnesses and records. Finally, the claim that Vigorito did not return the unused portion of the retainer is not the proper subject of a malpractice action.
 {¶ 18} Belknap further alleges that Vigorito's decision to combine the four cases fell below the accepted standard of care for an attorney, but he fails to explain why this conduct fell below the acceptable standard. Cf. State v. Torres (1981), 66 Ohio St.2d 340, at syllabus, (Defendant bears the burden of proving that he was prejudiced by the joinder.). We fail to see how this action fell below the standard of care for reasonable representation. The Rules of Criminal Procedure provide for the joinder of offenses in certain circumstances. Crim.R. (8)(A). Joining offenses is also in the interest of judicial economy when it can be done without prejudicing a defendant's ability to defend himself.
 {¶ 19} In this case, there is no way to discern if expert testimony on the issue of joinder was necessary because we have no evidence as to the nature of the criminal charges or the circumstances surrounding the criminal charges. Hence, there is no issue of material fact created on this point.
 {¶ 20} Belknap's final claim is that Vigorito was negligent in handling the motion to suppress. We note that the decision whether to file or withdraw a suppression motion is normally a tactical decision left to the discretion of defense counsel. State v. Nields,93 Ohio St.3d 6, 34, 2001-Ohio-1291. In the present case, appellant failed to provide any appropriate submission in the summary judgment proceeding which demonstrated the factual substance of a proper motion for summary judgment. In fact, we have no idea what evidence should have been suppressed.
 {¶ 21} Even if we presume that Belknap is correct that Vigorito negligently filed an inappropriate motion, Belknap must also show the prejudicial effect; i.e., that Vigorito's negligence proximately caused the damage claimed. Negligence alone does not create liability. Thus, although Vigorito's failure to file and prosecute a proper motion to suppress arguably fell below the standard of care required of defense counsel, it was not necessarily fatal.
 {¶ 22} In summary judgment, the movant "must state specifically which areas of the opponent's claim raise no genuine issue of material fact."Vahila at 429, quoting Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115. "The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." Dresher at 293. "However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Id.
 {¶ 23} While Belknap has raised a genuine issue of material fact regarding Vigorito's negligence, he has failed to demonstrate that there was a causal connection between Vigorito's negligent actions and any resulting prejudice or damage. Therefore, Belknap has failed to meet his burden in opposing summary judgment. Specifically, he failed to demonstrate the existence of a genuine issue of material fact regarding the issue of proximate cause.
 {¶ 24} In the present case, Vigorito raised the issue of causation in his motion for summary judgment by arguing that "[t]here is no genuine issue of material fact whether Plaintiff was damaged by VIGORITO's alleged negligence, and therefore Plaintiff's malpractice claim * * * fails the third prong of the test [i.e., proximate cause]."
 {¶ 25} Vigorito argues that it was Belknap's rejection of a plea agreement during the underlying criminal proceedings that resulted in his conviction, rather than Vigorito's alleged negligence. In support of this argument, Vigorito attached an affidavit to his motion for summary judgment attesting to the procedural posture of the underlying criminal action. In the affidavit, Vigorito testified that he had negotiated a plea agreement according to the terms by which Belknap would have pled guilty to one misdemeanor charge with a suspended jail sentence and a fine, while the remaining charges would have been dismissed. Belknap rejected the plea agreement, fired Vigorito, and elected to go to trial with the result that he was convicted on two of the charges against him. Vigorito concludes that it was Belknap's rejection of the negotiated plea agreement that resulted in his convictions, rather than Vigorito's alleged negligence.
 {¶ 26} Vigorito's self-serving affidavit was sufficient to meet his initial burden, as the moving party, to demonstrate that there was no genuine issue of material fact with respect to the element of proximate cause. The rule of law regarding self-serving affidavits submitted during a summary judgment exercise applies only to the nonmoving party's use of such affidavits, to wit:
 {¶ 27} "[T]he nonmoving party may not avoid summary judgment solely by submitting a self-serving affidavit containing no more than bald contradictions of the evidence offered by the moving party. To conclude otherwise could enable the nonmoving party to avoid summary judgment in every case, crippling the use of Civ.R. 56 as a means to facilitate `the early assessment of the merits of claims, pre-trial dismissal of meritless claims, and defining and narrowing issues for trial.'" (Citations omitted.) C.R. Withem Enterprises v. Maley, 5th Dist. No. 01 CA 54, 2002-Ohio-5056, at ¶ 24.
 {¶ 28} However, a moving party's self-serving affidavit is adequate evidence under Civ.R. 56 to demonstrate the absence of any genuine issue of material fact. Unlike the nonmoving party's self-serving affidavit, the moving party's self-serving affidavit may be refuted by evidence demonstrating a genuine issue of material fact. Thus, it is irrelevant whether the moving party's affidavit is self-serving, as this type of evidence will not result in any injustice such as an immediate grant of summary judgment. Frankly, considering the inherent difficulty in demonstrating a negative, such an affidavit may be the only way to initiate a summary judgment challenge.
 {¶ 29} That being said, Vigorito's affidavit pointed to the lack of sufficient evidence of the type listed in Civ.R. 56(C). Thus, Belknap had a reciprocal burden to meet Vigorito's challenge and present evidence of the type listed in Civ.R. 56(C) to demonstrate a genuine issue of material fact. He failed to do so.
 {¶ 30} To sustain a legal malpractice claim, the Ohio Supreme Court has rejected the "blanket proposition that requires a plaintiff to prove, in every instance, that he or she would have been successful in the underlying matter." Vahila at 428. However, "the requirement of causation often dictates that the merits of the malpractice action depend upon the merits of the underlying case. Naturally a plaintiff in a legal malpractice action may be required, depending on the situation, to provide some evidence of the merits of the underlying claim." Id. at 427-428.
 {¶ 31} Despite various refinements, a malpractice claim is still a tort. Thus, evidence of arguable proximate cause must be asserted even when there has been an unrebutted showing of negligence. Here, the only evidence provided by Belknap regarding the underlying criminal charges was contained within Belknap's affidavit. The affidavit merely attested to the faulty motion to suppress and Vigorito's allegedly improper voluntary dismissal of such motion. There is a complete absence of any reference to the substance of the underlying criminal charges. More critical was the absence of any suggestion as to what evidence should have been the subject of the motion to suppress. We are unable to determine either the evidence which should have been suppressed or the criminal charges to which that evidence related.
 {¶ 32} In conclusion, Vigorito's affidavit made a prima facie showing, by itself, that the deficient motion to suppress was insufficient to create a material issue of fact as to the proximate cause of Belknap's alleged damages. Belknap failed to rebut Vigorito's affidavit with evidence demonstrating a genuine issue of material fact regarding the proximate cause element. Without this evidence, Belknap was unable to establish that his subsequent conviction on the underlying criminal charges was due to Vigorito's mishandling of the motion to suppress. In short, Belknap may have demonstrated negligence, but he failed to demonstrate that there was a causal connection between Vigorito's negligent actions and the resulting damage or loss.
 {¶ 33} For the foregoing reasons, appellant's four assignments of error are without merit. The decision of the Trumbull County Court of Common Pleas, granting summary judgment in favor of Vigorito, is hereby affirmed.
William M. O'Neill, J., concurs,
Grendell, J., dissents with a Dissenting Opinion.
[1] There is very little evidence in the record regarding the specific criminal matters tried in the Ravenna Municipal Court. In particular, we do not know what the actual charges were, when they were tried, or the sentence that was imposed. In his initial complaint, Belknap refers to his conviction for "falsification" without citing to any provision of the Revised Code.