OPINION
{¶ 1} Appellants, William B. Greaney, et al., ("Greaney"), appeal from a judgment entry of the Portage County Court of Common Pleas awarding summary judgment in favor of appellees, Ohio Turnpike Commission, et al., ("OTC").
 {¶ 2} On December 8, 2001, Greaney was traveling east on the Ohio Turnpike when he stopped at the Brady's Leap Service Plaza in Portage County, Ohio. Greaney parked his vehicle perpendicular to the sidewalk leading into the main entrance of the Plaza. Greaney exited his vehicle, stepped up onto the sidewalk, and entered the Plaza. During his deposition, Greaney testified that the parking lot had no paint-lines designating parking places and no paint markings designating the wheelchair ramp which accessed the sidewalk. Some five minutes later, Greaney exited the Plaza; as he approached his vehicle, he "was just looking around the general area like I always do to make sure no one is following me or no one's standing near my car or, you know, just looking broadly around in my general direction where I was walking." While descending the wheelchair ramp which connected the sidewalk with the parking lot, Greaney tripped. Greaney testified that his fall was occasioned by the sudden change in elevation of the ramp which, to his recollection, was not marked. As a result of Greaney's fall, he purportedly sustained a broken foot which put him on long-term disability.
 {¶ 3} On October 5, 2003, Greaney filed suit alleging negligence on behalf of OTC. On June 29, 2004, OTC filed its motion for summary judgment. In its motion, OTC claimed the hazard of which Greaney complained was open and obvious. OTC concluded it owed Greaney no duty of care and accordingly, was not liable for Greaney's injuries. In support, OTC offered evidence that, at the time of the injury, the ramp was marked off with yellow paint to indicate the decline. The evidence also showed the area leading up to the ramp was marked off with a crossed pattern to prevent vehicles from blocking the access ramp. OTC also presented evidence that the parking lot was marked with yellow lines designating parking places and wheelchair symbols denoting handicapped parking. OTC submitted an affidavit of Scott R. Rhoades, an architect in possession of construction records for the Brady's Leap Service Plaza. The affidavit stated Rhoades had taken the photographs on June 18, 2001, nearly six months before Greaney's fall.
 {¶ 4} On September 15, 2004, Greaney filed his motion in opposition to OTC's motion for summary judgment. Greaney maintained the ramp was not marked and thus was not open and obvious. In support, Greaney filed an affidavit asserting the same. On January 20, 2005, the trial court awarded OTC summary judgment. Greaney now appeals and raises one assignment of error:
 {¶ 5} "The trial court erred when it granted summary judgment in appellee Ohio Turnpike Commission's favor, as there were genuine issues of material fact for presentation and decision by a jury."
 {¶ 6} Summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and, (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to a construction of the evidence most strongly in his favor. Civ. R. 56(C).
 {¶ 7} The moving party must assert evidence informing the lower court of the basis for the motion by identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. Hunter v. Interpak,Inc., 11th Dist. No. 2001-L-198, 2002-Ohio-7149, at ¶ 9. The moving party must specifically point to some evidence of the sort listed in Civ. R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support his claim. Id.
 {¶ 8} If the moving party fails to satisfy her burden, summary judgment should be denied. Dresher v. Burt, 75 Ohio St.3d 280, 290,1996-Ohio-107. However, where the moving party meets her initial burden, the burden shifts to the nonmoving party to respond with evidence permitted by Civ. R. 56 demonstrating a genuine issue of material fact. Id. In effect, if reasonable minds could find for the nonmoving party, a motion for summary judgment must be overruled. Link v. Leadworks Corp.
(1992), 79 Ohio App.3d 735, 741.
 {¶ 9} We review a trial court's decision to grant summary judgment de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Under the de novo standard of review, an appellate court conducts an independent review of the evidence before the trial court without deference to the trial court's decision. Brown v. Cty Commrs. OfScioto County (1993), 87 Ohio App.3d 704, 711.
 {¶ 10} Under his sole assignment of error, Greaney argues the trial court was precluded from awarding summary judgment in OTC's favor where conflicting evidence was produced regarding the circumstances of Greaney's injury. In effect, Greaney contends the trial court may not award a moving party summary judgment where the non-moving party sets forth evidence which contradicts the moving party's evidence because a trial court must view the evidence in a light most favorable to the non-moving party.
 {¶ 11} Here, the trial court granted summary judgment in OTC's favor. However, the judgment entry is lacking in substantive justification, i.e., the trial court recited the summary judgment standard and concluded "* * * there exists no genuine issue as to any material fact, and that Defendants are entitled to judgment as a matter of law." Thus, to develop a context for our analysis, we shall specifically examine the arguments prompting the trial court's award of summary judgment in OTC's favor.
 {¶ 12} In its motion for summary judgment, OTC alleged the access ramp upon which Greaney fell was open and obvious. In support, OTC submitted photographic exhibits depicting the parking lot and access ramp on June 18, 2001, approximately six months before Greaney's fall. The exhibits demonstrate that the parking places were clearly and obviously designated by yellow parking lines. More importantly, a photograph of the area near the handicapped access ramp on which Greaney allegedly tripped shows an array of indicators alerting pedestrians of the oncoming handicapped ramp: The flattened curb where the incline of the ramp begins is highlighted by a yellow border indicating a change in elevation of the curb; the black top leading up to the ramp is set off by nine "hashed" yellow lines alerting the public that the area is not a parking place but a path to the wheelchair ramp; a wheelchair symbol is painted on the parking places to either side of the hashed-off entry path; moreover, the photographic exhibits illustrate OTC had placed "handicapped parking" signs immediately in front of the parking spaces so designated.
 {¶ 13} Armed with this evidence, OTC contended that pedestrians could be reasonably expected to discover and guard against the dangers of the ramp given the explicit demarcation. Accordingly, OTC concluded it owed Greaney no duty to protect him from the obviousness of the hazard presented by the ramp. See, e.g., Armstrong v. Best Buy Co.,99 Ohio St.3d 79, 2003-Ohio-2573.
 {¶ 14} In his response motion, Greaney alleged there was no yellow paint on the curb to alert him to the change in elevation; moreover, in his deposition, he testified that, to his "recollection", there were no painted markings anywhere in the parking lot. Greaney filed an affidavit sounding in the same testimony. Similar to his argument on appeal, Greaney asserted the conflict in evidence must be construed in his favor and summary judgment must be denied.
 {¶ 15} Based upon the above argumentation and evidence, the trial court determined there was no genuine issue of material fact to be litigated and awarded summary judgment to OTC. For the following reasons, we agree with the lower court's conclusion.
 {¶ 16} This court has previously held that a nonmoving party may not avoid summary judgment by merely submitting a self-serving affidavit contradicting the evidence offered by the moving party. Belknap v.Vigorito, 11th Dist. No. 2003-T-0147, 2004-Ohio-7232, at ¶ 27. This rule is based upon judicial economy: Permitting a nonmoving party to avoid summary judgment by asserting nothing more than "bald contradictions of the evidence offered by the moving party" would necessarily abrogate the utility of the summary judgment exercise. C.R. Withem Enterprises v.Maley, 5th Dist. No. 01Ca 54, 2002-Ohio-5056, at ¶ 24 Courts would be unable to use Civ. R. 56 as a means of assessing the merits of a claim at an early stage of the litigation and unnecessary dilate the civil process. Belknap, supra, citing C.R. Withem Enterprises, supra.
 {¶ 17} Here, Greaney's deposition testimony and subsequent affidavit are self-serving and insufficient to meet his "reciprocal burden * * * to set forth specific facts showing that there is a genuine issue for trial * * *." Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. Greaney's argument is based upon OTC's breach of an alleged duty to mark the curb, et al., with indicators adequate to place him on notice of the change in elevation. OTC's motion for summary judgment contained photographic exhibits illustrating that such markings existed six months prior to Greaney's fall. Greaney was required to respond with specific facts to create a genuine issue to be litigated, e.g. specific facts that the photographs were not genuine; that they did not depict the proper location; or, that the markings were destroyed or obscured subsequent to the June 18, 2001 photographs. Greaney offered no such evidence. Instead, Greaney submitted only his self-serving testimony that there were no lines or other indicators to put him on notice of the change in elevation. We hold such testimony does not create a genuine issue of material fact.
 {¶ 18} Given the evidence set forth by OTC and the concomitant dearth of evidence offered by Greaney in opposition to OTC's motion, we believe the trial court did not err in awarding OTC summary judgment. The photographs taken six months before Greaney's fall depict an area well marked with bright yellow hashed lines. The curb leading onto the ramp was also yellow. The photos show large wheelchair symbols on the parking places immediately adjacent to the hashed-off area leading to the ramp and there were posted "handicapped parking" signs. In our view, OTC could "reasonably expect that persons entering the premises [would] discover [the] dangers and take appropriate measures to protect themselves."Simmers v. Bentley Construction Co. (1992), 64 Ohio St.3d 642, 644. Accordingly, the difference in elevation occasioned by the declivity of the handicapped ramp was open and obvious as a matter of law. Demos v.Toys "R" Us, Inc. (July 5, 2000), 9th Dist. No. 99CA007404, 2000 Ohio App. LEXIS 3012, at 8 (holding wheelchair access ramp, set off by yellow paint, was open and obvious.) See, also, Duncan v. Captiol South CommunityUrban Redevelopment Corp., 10th Dist. No. 02AP-653, 2003-Ohio-1273, at ¶ 31 (holding, six inch curb, painted yellow, was an open and obvious danger). In this respect, Greaney's first assignment of error is unavailing.
 {¶ 19} In his second issue, Greaney asserts:
 {¶ 20} "Assuming the facts in the light most favorable to appellant Greaney, that the inclined curbing was not painted yellow at the time of appellant's fall, the `open and obvious' doctrine is not a basis for summary judgment."
 {¶ 21} In light of the foregoing analysis, we decline Greaney's invitation to assume facts which were uncontroverted, save Greaney's self-serving testimony, during the summary judgment exercise. We emphasize that unsupported assertions offered to demonstrate issues of fact, standing alone and without corroborating materials contemplated by Civ. R. 56, are inadequate to overcome summary judgment. Procedurally, Greaney had the burden of setting forth specific facts showing that there is a genuine issue for trial. Greaney merely asserted self-serving testimony in opposition to the evidence set forth by OTC. To assume, even for the sake of argument, Greaney's self-serving testimony is correct would contravene the procedural rule prohibiting a nonmovant's use of mere "bald contradictions" to overcome summary judgment. C.R. WithemEnterprises, supra. As stated above, allowing Greaney to use this tactic to avoid summary judgment would eviscerate Civ. R. 56 and summary judgment would be useless as a way of prompting "the early assessment of the merits of claims, pre-trial dismissal of meritless claims, and defining and narrowing issues for trial." Kulch v. Structural Fibers,78 Ohio St.3d 134, 170, 1997-Ohio-219. Therefore, we shall not entertain the substantive merit Greaney's second issue for review.
 {¶ 22} Greaney's sole assignment of error is without merit. Accordingly, the judgment of the Portage County Court of Common Pleas is affirmed.
O'Neill, J., Grendell, J., concur.