{¶ 31} I concur with the majority's conclusion to affirm the trial court's decision granting summary judgment in favor of WCI, Summerlin, and Caicco on all claims as well as its decision to affirm the trial court's award of summary judgment in favor of Kolenich regarding the infliction of emotional distress and tortious interference claims. However, I disagree with the majority's decision to reverse the trial court's judgment as it pertains to Gintert's defamation claim against Kolenich and therefore dissent.
 {¶ 32} The majority properly concludes that Kolenich's accusations of sexual harassment are entitled to qualified immunity. However, I do not believe Gintert's self-serving assertion that he never made the sexually offensive statements is sufficient to create a genuine issue of material fact as to whether Kolenich's statements were made with actual malice. This court has previously determined that "a non-moving party may not avoid summary judgment by merely submitting a self-serving affidavit contradicting the evidence offered by the moving party." Greaney v. OhioTurnpike Commission, 11th Dist. No. 2005-P-0012, 2005-Ohio-5284, at ¶ 16, citing, Belknap v. Vigorito, 11th Dist. No. 2003-T-0147,2004-Ohio-7232, at ¶ 27. In Greaney, this court pointed out that such a rule is premised upon considerations of judicial economy:
 {¶ 33} "Permitting a nonmoving party to avoid summary judgment by asserting nothing more than `bald contradictions of the evidence offered by the moving party' would necessarily abrogate the utility of the summary judgment exercise." Id., quoting C.R. Withem Enterprises v.Maley, 5th Dist. No. 01 CA 54, 2002-Ohio-5056; see, also, Augusta v.Lemieux, 11th Dist. No. 2005-A-0034, 2006-Ohio-6696, at ¶ 26; Durickv. *Page 15 Ebay, Inc., 7th Dist. No. 05-MA-198, 2006-Ohio-4861, at ¶ 29;Ochsenbine v. Vill. Of Cadiz, 166 Ohio App.3d 719, 2005-Ohio-6781, at ¶ 25.
 {¶ 34} The majority's holding acts to undermine Civ.R. 56 as a means to facilitate "the early assessment of the merits of claims, pre-trial dismissal of meritless claims, and defining and narrowing issues for trial." Kulch v. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134, 170
(Cook, J., concurring n part and dissenting in part). I decline to endorse such a position.
 {¶ 35} Because Gintert's affidavit does little more than offer an unsupported contradiction of the evidence submitted by the moving party, I would hold it is insufficient to create a genuine issue of material fact as to whether Kolenich acted with actual malice. Kolenich's motion for summary judgment was properly granted in its entirety and I would therefore affirm the trial court's decision. *Page 1