[Cite as *King Painting & Wallpapering, Inc. v. Aswin Ganapathy Hospitality Assocs., L.L.C.*, 2014-Ohio-1372.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| KING PAINTING & WALLPAPERING, INC., | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | **CASE NO. 2013-T-0076** |
| - vs - | : | |
| ASWIN GANAPATHY HOSPITALITY ASSOCIATES, LLC, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2012 CV 355.

Judgment: Affirmed.

*Frederick S. Coombs, III,* Harrington, Hoppe & Mitchell, Ltd., 26 Market Street, #1200, P.O. Box 6077, Youngstown, OH 44501 (For Plaintiff-Appellee).

*Thomas M. Lyden,* 860 Boardman-Canfield Road, Suite 204, Youngstown, OH 44512 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Aswin Ganapathy Hospitality Associates, LLC ("Aswan"), appeals the summary judgment entered by the Trumbull County Court of Common Pleas in favor of appellee, King Painting & Wallpapering Inc. ("King"), on King's claims for breach of contract and foreclosure of a mechanic's lien. We are asked to consider whether genuine issues of material fact exist on King's claims, precluding summary judgment. For the reasons that follow, we affirm.

{¶2} On February 15, 2012, King filed a complaint for breach of contract and to foreclose a mechanic's lien. King alleged that in March 2010, it entered into an oral contract with Aswin, pursuant to which King performed certain painting, drywall repair, and wallpaper installation services between March 31, 2010 and May 6, 2010 at the Metroplex Motel, which is owned by Aswin and located in Liberty Township.

{¶3} King alleged that on April 12, 2010, it issued an invoice to Aswan for its work in the amount of $21,510, and that Aswin failed to pay the invoice in breach of the parties' contract.

{¶4} Further, King alleged that on July 13, 2010, it filed an affidavit for mechanic's lien with the Trumbull County Recorder, and served a copy of same on Aswin. Further, King alleged that Aswin has failed to discharge said lien.

{¶5} Aswin filed an answer denying the material allegations of the complaint.

{¶6} On April 16, 2012, King issued interrogatories, requests for admission, and a request for production of documents to Aswin. Aswin failed to timely respond to King's discovery requests. Consequently, on May 30, 2012, King filed a notice with the court stating that, due to Aswin's failure to timely respond to King's requests for admission, pursuant to Civ.R. 36, they were deemed admitted.

{¶7} Thereafter, on May 31, 2012, Aswin filed a motion for leave to answer King's discovery requests, without distinguishing King's requests for admission. On June 6, 2012, the trial court granted Aswin's request for leave.

{¶8} On June 11, 2012, Aswin sent its responses to King's interrogatories and requests for admission to King's counsel.

{¶9} In response, on July 5, 2012, King filed a motion to compel Aswin to respond to its request for production of documents and to provide more complete

2

answers to its interrogatories. In its motion King also objected to Aswin's purported answers to King's requests for admission because they were not timely and also because King had already filed a notice that the requests for admission were deemed admitted.

{¶10} Aswin did not respond to King's motion to compel. Instead, on July 16, 2012, Aswin simply filed a second motion for leave to answer King's discovery requests, again without distinguishing King's requests for admission.

{¶11} On July 18, 2012, the trial court ruled on the parties' discovery motions, granting King's motion to compel Aswin to respond to King's interrogatories and request for production and also granting Aswin's motion for leave. The court specifically gave Aswin leave to respond to King's interrogatories and request for production of documents by August 20, 2012, but did *not* give Aswin leave to respond to King's requests for admission.

{¶12} Thereafter, King filed a motion for summary judgment. In support, King filed the affidavit of its vice-president, Reuben King. Mr. King stated that King is a Pennsylvania corporation registered to do business in Ohio. He said that, during the week of March 21, 2010, King was contacted about performing wallpaper hanging and ceiling painting at the Metroplex Motel by the owner's representative, who goes by the name of "Dr. Sammy."

{¶13} Mr. King stated that on March 31, 2010, he and two other workers from King traveled from Pennsylvania to the motel to begin the work Dr. Sammy requested. Upon their arrival, King's employees were admitted into the motel and began work.

{¶14} Mr. King said that while the work was being performed, in April 2010, Aswin's representatives asked King to expand their work to include drywall repair and

3

painting the motel's dividing walls. Due to this increase in the scope of the work, on April 5, 2010, two additional workers from King joined the original work force.

{¶15} Mr. King stated that the dates and hours of work performed by King's employees are set forth in the work ledger attached to his affidavit. He said that on April 12, 2010, King issued an itemized invoice to the motel for the work performed in the amount of $21,510.

{¶16} Mr. King said that on May 6, 2010, he returned to the motel to complete work on the motel, spending seven hours to complete the painting and wallpaper work pursuant to the parties' contract. These additional hours are reflected in King's ledger.

{¶17} Mr. King stated that Aswin has never complained or indicated in any way that any part of the work was unsatisfactory. However, Aswin did not make any payment for the work or materials provided by King at Aswin's request.

{¶18} Further, King presented the affidavit of its counsel, Frederick Coombs, in which Mr. Coombs stated that on July 13, 2010, he filed an affidavit for mechanic's lien in favor of King and against Aswin in the amount of $21,510 with the Trumbull County Recorder. On the same date, he served a copy of the affidavit on Aswin by U.S. mail. He also personally served a copy of the affidavit at the reception desk of the motel. He asked for the motel manager, and the desk clerk told him the manager, who is a female named Dr. Sammy, was not available.

{¶19} King also relied on the requests for admission it submitted to Aswin, which were deemed admitted, as follows:

{¶20} No. 1: That [Aswin] did request that [King] perform certain services between March 2010 and May 2010 in conjunction with painting, drywall repair, and installing wallpaper coverings at [Aswin's] place

4

of business, commonly known as the Metroplex Motel, located in Liberty Township, Trumbull County, Ohio.

{¶21} No. 2: That [King] did perform the services as outlined in the invoice attached to the Complaint as Exhibit A.

{¶22} No. 3: That [Aswin has] not paid [King] for the services rendered as outlined in the invoice * * *.

{¶23} No. 4: That [Aswin has] not provided any notice to [King], prior to the institution of this lawsuit that the materials or workmanship provided by [King] to the Metroplex Motel were unsatisfactory.

{¶24} No. 5: That [Aswin] understood that [King] was not providing its services and materials as outlined in the invoice * * * without expectation of proper compensation therefor.

{¶25} Aswin filed a brief in opposition to King's motion for summary judgment. In support, it filed the affidavit of Thirulalam P. "Sammy" Indira. She said she is the "managing owner" of Aswin, which owns the Metroplex Motel. She said she is responsible for projects and construction decisions undertaken at the motel.

{¶26} Dr. Sammy said that the motel hosted a military ball on April 17, 2010, and that any and all renovations performed by any contractor were completed before the ball. However, Dr. Sammy did not dispute: (1) that she entered an oral contract with King to perform the work; (2) that King performed the work; (3) that Aswin never objected to any part of the work; (4) that King properly invoiced Aswin; and (5) that Aswin has not made any payment for the work.

{¶27} After considering the briefs and evidentiary materials submitted by the parties, the trial court granted King's motion for summary judgment on King's claim for

5

breach of contract in the amount of $21,510. The court also granted summary judgment in favor of King on its claim for foreclosure of a mechanic's lien, finding that King holds a valid mechanic's lien against the property to secure payment of $21,510 for the labor and materials provided to the property.

{¶28} Aswin appeals the trial court's judgment, asserting two assignments of error. For its first assigned error, it alleges:

{¶29} "The trial court committed prejudicial error in granting plaintiff-appellee's motion for summary judgment on the breach of contract action."

{¶30} Aswin asserts three issues under this assignment of error. First, it argues that, because King did not indicate in the caption of its discovery requests that they included requests for admission, the requests for admission should not have been deemed admitted. We do not agree.

{¶31} In the regulation of discovery, the trial court has discretionary power, and its decisions will not be overturned absent an abuse of that discretion. *Mauzy v. Kelly Servs., Inc.*, 75 Ohio St.3d 578, 592 (1996); *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55, 57 (1973). An appellate court reviews a claimed error relating to a discovery matter under an abuse-of-discretion standard. *Lightbody v. Rust*, 137 Ohio App.3d 658, 663 (8th Dist. 2000).

{¶32} Civ.R. 36(B) provides: "Any matter admitted under this Rule is conclusively established *unless the court on motion permits withdrawal or amendment of the admission.*" (Emphasis added.)

{¶33} Further, Civ.R. 36(C) provides:

{¶34} If a party includes a request for admission in a document containing any other form of discovery, the party shall include a caption on the

6

document that indicates the document contains a request for admission. A party is not required to respond to requests for admission that are not made in compliance with this division.

**{¶35}** The caption of King's April 16, 2012 discovery requests did not state they included requests for admission. However, after King gave notice that the requests were deemed admitted, Aswin never brought this claimed error to the attention of the trial court by filing a motion to withdraw or to amend the admission, as required by Civ.R. 36(B). In *Mortgage Elec. Registration Sys. v. Petry*, 11th Dist. Portage No. 2008-P-0016, 2008-Ohio-5323, this court held:

**{¶36}** "The general rule is that 'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.' * * *" *Petry*, *supra*, at ¶21, quoting *State v. Awan*, 22 Ohio St.3d 120, 122-123 (1986).

**{¶37}** Here, King's failure to indicate in the caption of its discovery requests that they included requests for admission was apparent when King filed its notice on May 30, 2012, that the requests for admission were deemed admitted. Aswin was thus aware of this flaw when it later filed its two motions for leave to answer King's discovery requests on May 31, 2012 and July 16, 2012. Yet, it did not raise the caption issue in either motion or in any other motion. Further, between the date King filed its notice that its requests for admission were deemed admitted (May 30, 2012), and the date the court entered summary judgment (July 17, 2013), Aswin had more than one full year to raise this issue in the trial court. By failing to do so, the issue is waived. *Petry*, *supra*.

7

{¶38} In any event, even if the issue was not waived, the argument would still lack merit because Aswin was not prejudiced by King's failure to indicate in the caption of its discovery requests that they included requests for admission. The purpose of notification in the caption is to prevent unfairness and surprise. *Seecharan v. Macy*, 8th Dist. Cuyahoga No. 75130, 1999 Ohio App. LEXIS 5065, *18 (Oct. 28, 1999). On the day after King issued its discovery requests to Aswin, i.e., on April 17, 2012, King served Aswin with, and filed in the court, a "notice of service of interrogatories, *requests for admission*, and request for production of documents directed to Defendant Aswin Ganapathy Hospitality Associates, LLC." (Emphasis added.) Thus, while the requests for admission were not indicated in the caption of King's discovery requests, King's contemporaneous notice of discovery provided notice to Aswin that King's discovery requests included requests for admission. As a result, Aswin was not prejudiced by the failure of the caption of King's discovery requests to indicate they included requests for admission. Thus, the trial court did not abuse its discretion in deeming King's requests for admission as admitted for purposes of summary judgment.

{¶39} For its second argument under its first assigned error, Aswin contends that, in light of the court's general order allowing it leave to respond to King's discovery requests, it timely responded to King's requests for admission and thus, the requests should not have been deemed admitted. Again, we do not agree.

{¶40} In the trial court's July 18, 2012 order granting Aswin leave to respond to King's discovery requests, the court only gave Aswin leave to respond to King's interrogatories and request for production of documents by August 20, 2012. The court did not give Aswin leave to respond to King's requests for admission. Based on this ruling, we must presume that the court did not intend to provide relief to Aswin with

8

respect to King's requests for admissions. Thus, contrary to Aswin's argument, the trial court did not give Aswin leave to file its belated denials to King's requests for admission, and Aswin's responses to King's requests for admission were untimely. As a result, the trial court did not abuse its discretion in deeming the requests admitted.

{¶41} In any event, if the trial court had granted Aswin leave to file answers to King's requests for admission, King's requests for admission would still have been deemed admitted because Aswin failed to comply with the requirements of Civ.R. 36(A). That rule provides in pertinent part:

{¶42} A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his or her answer, or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

{¶43} The Eighth District in *St. Paul Fire & Marine Ins. Co. v. Battle*, 44 Ohio App.2d 261 (8th Dist.1975), explained the foregoing provision, as follows:

{¶44} Civil Rule 36 requires that when requests for admission are filed by a party, the opposing party must timely respond in appropriate fashion either by objection or answer.

{¶45} * * *

{¶46} The responding party may answer by admitting the substance of the request, thereby obviating the necessity of proof on that subject, or he may answer by denying the request. If the responding party does deny the request, he must do so in a manner which fairly meets the substance of the requested

9

admission. *A general denial is not sufficient and results in an admission.* (Emphasis added.) *Id.* at paragraph 3c of the syllabus.

{¶47} Further, the Eighth District in *Battle*, stated:

{¶48} Looking briefly to the obligations of the responding party, we note that his failure to respond at all to requests for admission will result in the requests becoming admissions against him[, and] that his response in the form of a general objection or *a general denial* will also result in admissions against him * * *.

{¶49} Conversely, if the responding party wishes to avoid an admission he must state the reasons for his objection, or the reasons for his denial * * *. (Emphasis added.) *Battle*, *supra*, at 271.

{¶50} This court explicitly followed the rule in *Battle* in *Godale v. Chester Twp. Bd. of Trs.*, 11th Dist. Geauga No. 2004-G-2571, 2005-Ohio-2521. In *Godale*, this court held that a general objection or a general denial to a request for admission amounts to an admission. *Id.* at ¶36, following *Battle*, *supra*.

{¶51} The rule in *Battle*, *supra*, and *Godale*, *supra*, that a general denial is insufficient and results in an admission means that a general denial is insufficient when good faith requires that a party qualify his answer or deny only a part of the matter. *K. Ronald Bailey & Assoc. Co., L.P.A. v. Matesick*, 6th Dist. Erie No. E-92-40, 1993 Ohio App. LEXIS 2886, *6, fn. 1 (June 11, 1993). Thus, when a request for admission contains several assertions of fact, a general denial (i.e., "Denied") results in an admission of such a request. *Id.* This is because it does not meet the substance of the request, i.e., it does not "specify so much of it as is true and qualify or deny the remainder." Civ.R. 36(A).

10

**{¶52}** Here, each of King's requests for admission contained several assertions of fact. Thus, Aswin's general denial is an inadequate answer. Under these circumstances, Civ.R. 36(A) required Aswin to qualify its denial to each, specifying those facts which are true and denying the remainder. In failing to do so, Aswin failed to comply with the mandate of Civ.R. 36(A) that it fairly meet the substance of the requested admission by specifying so much of it as is true and qualify or deny the remainder. For this additional reason, the trial court did not abuse its discretion in deeming King's requests for admission as admitted for purposes of summary judgment.

**{¶53}** For its third argument, Aswin argues the trial court erred in granting summary judgment in favor of King. Once again, we do not agree.

**{¶54}** This court has held that summary judgment is proper when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); *Frano v. Red Robin International, Inc.*, 181 Ohio App.3d 13, 2009-Ohio-685, ¶12 (11th Dist.).

**{¶55}** The party seeking summary judgment on the ground that the nonmoving party cannot prove his case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).

**{¶56}** The moving party must point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support his case. *Dresher, supra*, at 293.

11

{¶57} If this initial burden is not met, the motion for summary judgment must be denied. *Id.* However, if the moving party has satisfied his initial burden, the nonmoving party then has a reciprocal burden, as outlined in Civ.R. 56(E), to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against him. *Id.*

{¶58} Since a trial court's decision ruling on a motion for summary judgment involves only questions of law, we conduct a de novo review of the trial court's judgment. *DiSanto v. Safeco Ins. of Am.*, 168 Ohio App.3d 649, 2006-Ohio-4940, ¶41 (11th Dist.).

{¶59} In order to prevail on a claim for breach of contract, the plaintiff must prove: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damages. *Huffman v. Kazak Bros., Inc.*, 11th Dist. Lake No. 2000-L-152, 2002 Ohio App. LEXIS 1660, *11 (Apr. 12, 2002).

{¶60} First, Aswin argues that, because King's requests for admission were not properly deemed admitted, genuine issues of fact remain in this case. However, for the reasons fully discussed above (waiver of caption issue, no prejudice, denials untimely, and general denial), King's requests for admission were properly deemed admitted. Thus, based on King's requests for admission, it has been established that: (1) Aswin asked King to perform certain painting, drywall repair, and wallpaper installation work between March and May 2010 at Aswin's motel; (2) King performed the services as outlined in the invoice attached to the complaint in the amount of $21,510; (3) Aswin has not paid King for said services; (4) Aswin never notified King that any of the materials or labor provided by King to the motel was unsatisfactory; and (5) Aswin understood King was not providing its services and materials without expectation of

proper compensation.  A request for admission deemed admitted is competent evidence to support a motion for summary judgment.  *JP Morgan Chase & Co. v. Indus. Power Generation, Ltd*, 11th Dist. Trumbull No. 2007-T-0026, 2007-Ohio-6008, ¶34-35.  As a result, based on the requests for admission, as deemed admitted, there is no genuine issue of material fact as to the existence of a contract; King's performance; Aswin's failure to pay for said services; and King's resultant damages.

{¶61} In any event, even if King's requests for admission were not deemed admitted, there were no genuine issues of material fact.  Mr. King in his affidavit stated that Dr. Sammy requested King to perform services at the motel; that King performed the services; that Aswan did not object to any of the services; but that Aswan failed to pay for King's services.  Moreover, Dr. Sammy in her affidavit did not dispute that she requested King to perform the subject services; that King performed the services; that its services were satisfactory; and that Aswin accepted these services and materials without paying anything for them.

{¶62} Aswin also argues that certain deficiencies in the evidence precluded summary judgment.  For example, it argues there was a genuine issue as to whether a contract existed because Mr. King initially referred in his affidavit to Dr. Sammy as a male when in fact Dr. Sammy is a female.  However, Aswin concedes that Mr. Coombs, King's representative, later corrected this inadvertent mistake by stating in his affidavit that Dr. Sammy is a female.  Because this mistake was corrected prior to the entry of summary judgment, it is a non-issue.

{¶63} Next, Aswin argues that no one with the proper authority contacted King about expanding the scope of the work.  However, Mr. King testified that in April 2010, representatives of Aswin contacted King, and requested that the work be expanded to

13

include drywall repair and painting the dividing walls. Moreover, Aswin failed to present any evidence denying that its representatives contacted King requesting additional work. Since King presented evidence that representatives of Aswin contacted King to expand the scope of the work, Aswin had the reciprocal duty under Civ.R. 56(E) to present countervailing evidence. However, it failed to do so.

{¶64} Next, Aswin argues that it denied ever entering a contract with King. However, each of Aswin's references to the record for this denial are to his amended answer. A party opposing summary judgment may not rest on the mere allegations or denials of his pleadings to create a genuine issue of fact. Civ.R. 56(E). Because Dr. Sammy did not deny in her affidavit that Aswin entered a contract with King, Aswin failed to create a genuine issue of fact on this issue.

{¶65} Next, Aswin argues the fact that King was unaware of the corporate name of the motel's owner when King issued its invoice shows that King did not contract with an authorized agent of Aswin. However, Aswin fails to reference any authority for this argument, in violation of App.R. 16(A)(7). In any event, Mr. King stated that Dr. Sammy contracted with King on Aswin's behalf. Since Dr. Sammy conceded that she is the "managing owner" of Aswin and that Aswin owns the motel, she clearly had authority to contract on behalf of Aswin.

{¶66} We therefore hold the trial court did not err in granting summary judgment in favor of King.

{¶67} Aswin's first assignment of error is overruled.

{¶68} For its second and final assigned error, Aswin alleges:

{¶69} "The trial court committed prejudicial error in granting plaintiff-appellee's motion for summary judgment on the mechanic's lien action."

14

**{¶70}** The only challenge Aswin asserts with respect to King's foreclosure claim is that, according to Aswin, King's affidavit in support of its mechanic's lien was not timely filed with the Trumbull County Recorder.

**{¶71}** R.C. 1311.06(B)(3) provides that an affidavit for mechanic's lien must be filed within 75 days from the date on which the last of the labor or work was performed or material was furnished by the person claiming the lien.

**{¶72}** Mr. King states in his affidavit that he last performed work at the motel on May 6, 2010, when he spent seven hours completing the work under the parties' contract. Since May 6, 2010 was the last day King worked at the motel, King had until July 20, 2010 to file its affidavit. Because King's affidavit was filed on July 13, 2010, it was timely and enforceable.

**{¶73}** Aswin argues the work King performed on May 6, 2010 was "unrelated" to the contract because there is no ledger in the record showing work was done on that date. However, Aswin is incorrect because the record contains King's ledger showing King's last day of work under the contract was May 6, 2012. Further, the fact that King's April 12, 2010 invoice shows the full amount owed is no *evidence* that King did not complete the job on May 6, 2010; King simply did not bill Aswin for that additional time.

**{¶74}** Next, Aswin argues that, because the motel hosted a military ball on April 17, 2010, and any and all construction or projects were completed prior to the ball, this proves King's work was completed on April 17, 2010 and thus King's affidavit for mechanic's lien had to be filed within 75 days of that date, i.e. by June 29, 2010.

**{¶75}** While a party may submit a supporting self-affidavit, it must be made on personal knowledge and affirmatively show that the affiant is competent to testify to the matters stated in the affidavit. Civ.R. 56(E). "A party's self-serving assertions,

15

unsupported by personal knowledge and offered by way of affidavit, are not sufficient to demonstrate material issues of fact." *Morantz v. Ortiz*, 10th Dist. Franklin No. 07AP-597, 2008-Ohio-1046, ¶16; *Greaney v. Ohio Turnpike Comm.*, 11th Dist. Portage No. 2005-P-0012, 2005-Ohio-5284, ¶16. "Otherwise, a party could avoid summary judgment by simply submitting such a self-serving affidavit containing nothing more than bare contradictions of the evidence the moving party offered." *Morantz*, *supra*; *Greaney*, *supra.*

{¶76} Here, Dr. Sammy did not state in her affidavit that it was based on her personal knowledge. For this reason alone, her affidavit is insufficient to avoid summary judgment. Further, the assertions contained therein are general and did not refer to the King contract or any work performed by King. She simply stated that any and all work performed was completed sometime before a military ball hosted by the motel on April 17, 2010. Her affidavit merely contradicts the evidence King offered without providing any evidence as to when King completed its work. For this additional reason, Dr. Sammy's affidavit did not create a genuine issue of material fact.

{¶77} We therefore hold the trial court did not err in entering summary judgment in favor of King.

{¶78} Aswin's second assignment of error is overruled.

{¶79} For the reasons stated in this opinion, the assignments of error are not well taken and the same are overruled. It is the order and judgment of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.

DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

16