[Cite as *Carter-Jones Lumber Co. v. Smartland, L.L.C.*, 2021-Ohio-3708.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

THE CARTER-JONES LUMBER
COMPANY d.b.a. CARTER
LUMBER,

          Plaintiff-Appellee,

- v -

SMARTLAND, LLC,

          Defendant-Appellant.

CASE NO. 2021-P-0042

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2020 CV 00424

## O P I N I O N

Decided: October 18, 2021
Judgment: Affirmed

*Daniel J. Funk*, Baker, Dublikar, Beck, Wiley & Mathews, 400 South Main Street, North Canton, OH 44720 (For Plaintiff-Appellee).

*John P. Bacevice*, 248 Euclid Avenue, Suite 408, Cleveland, OH 44114 (For Defendant-Appellant).

MARY JANE TRAPP, P.J.

{¶1}   Appellant, Smartland, LLC ("Smartland"), appeals from the judgment of the Portage County Court of Common Pleas, which awarded summary judgment to appellee, the Carter-Jones Lumber Company, d.b.a. Carter Lumber ("Carter Lumber").

{¶2}   In its sole assignment of error, Smartland contends the trial court erred as a matter of law in granting summary judgment in favor of Carter Lumber on a credit account that was due and outstanding since there was a clear question of fact as to

whether Carter Lumber breached a contract with Smartland by supplying inadequately engineered/constructed trusses for a home Smartland was building.

{¶3} After a review of the record and pertinent caselaw, we find Smartland's assignment of error to be without merit. While Smartland argued there was a contract between it and Carter Lumber to supply trusses, which was breached, it failed to put forth any evidentiary quality materials in its brief in opposition to summary judgment to support its defense. Nor did Smartland dispute the existence and terms of its credit account with Carter Lumber or the amount due and outstanding. Quite simply, Smartland failed to demonstrate a genuine issue of material fact. Thus, the trial court appropriately awarded summary judgment to Carter Lumber as a matter of law.

{¶4} The judgment of the Portage County Court of Common Pleas is affirmed.

**Substantive and Procedural History**

{¶5} In July 2020, Carter Lumber filed a complaint in the Portage County Court of Common Pleas alleging Smartland owed $25,280.46 on a credit account. Despite repeated billing, Smartland failed to satisfy the obligation.

{¶6} Attached to the complaint were copies of Carter Lumber's customer account inquiry for Smartland showing the account was more than 120 days overdue, with an amount of $25,280.46 outstanding, and Smartland's signed yard account application requesting a credit line of $20,000 from Carter Lumber, which included the terms and conditions of the credit account.

{¶7} Smartland filed its answer in which it admitted "to an agreement with Plaintiff" and that venue was proper but denied the remaining allegations of Carter Lumber's complaint. Smartland also set forth numerous affirmative defenses, including

2

the defense that Carter Lumber's alleged damages were caused, in whole or in part, by its own breach of contract, but no contract document was attached to its answer.

{¶8} Carter Lumber filed a motion for summary judgment, arguing there was no genuine issue of material fact, i.e., Smartland neither denied nor disputed the debt amount, and there was no evidence that the contract between the parties is invalid or inaccurate. Attached to the motion for summary judgment was the yard account application, including its terms and conditions, as well as an affidavit from Robin Bare ("Ms. Bare"), the credit manager for Carter Lumber. Ms. Bare averred in her affidavit that Smartland purchased materials from Carter Lumber from March 24, 2017, through August 29, 2019, and that Smartland failed since September 23, 2019, to pay the remaining amount due of $25,280.46.

{¶9} Smartland filed a brief in opposition to Carter Lumber's motion for summary judgment, arguing that summary judgment was not appropriate because Carter Lumber breached another contract between the parties, which contributed to a separate lawsuit against Smartland in Geauga County. Thus, it was justified in not paying the account. More specifically, Smartland alleged that it entered into a contract with Carter Lumber to build and supply trusses for Smartland's construction of a home for one of its clients. Smartland claimed the trusses did not comply with engineering standards, which prompted the homeowners to bring suit against Smartland in Geauga County Common Pleas Court. In addition, in the "Statement of Facts" section of its brief in opposition, Smartland claimed Carter Lumber knowingly overleveraged Smartland by giving it more debt than it requested and that Carter Lumber's "malfeasance [was] the sole cause of this lawsuit."

3

{¶10} Smartland's "Law and Argument" section of its brief in opposition contained no argumentation as to law or what material facts are in dispute, and no statutory or case law support.

{¶11} Smartland also filed an affidavit of Steven Gesis ("Mr. Gesis"), the executive vice president of Smartland. Mr. Gesis averred that Carter Lumber constructed a product for Smartland that did not comply with appropriate engineering standards; the underlying dispute regarding that construction resulted in civil litigation by the homeowners; that litigation was, in part, due to Carter Lumber's failure to appropriately size and engineer its product; Carter Lumber knowingly overleveraged Smartland by giving it more debt than it was approved for; and Carter Lumber's malfeasance was the sole cause of the instant action.

{¶12} Smartland did not submit a copy of the alleged contract for the trusses.

{¶13} After finding there were no genuine issues of material fact and that Carter Lumber was entitled to judgment as a matter of law, the trial court granted Carter Lumber's motion for summary judgment.

{¶14} Smartland raises one assignment of error on appeal:

{¶15} "The trial court failed as a matter of law granting summary judgment where there is a clear question of fact."

**Summary Judgment Standard of Review**

{¶16} We review de novo a trial court's order granting summary judgment. *Sabo v. Zimmerman*, 11th Dist. Ashtabula No. 2012-A-0005, 2012-Ohio-4763, ¶ 9. "'A reviewing court will apply the same standard a trial court is required to apply, which is to determine whether any genuine issues of material fact exist and whether the moving party

4

is entitled to judgment as a matter of law.'" *Id.*, quoting *Hapgood v. Conrad*, 11th Dist. Trumbull No. 2000-T-0058, 2002-Ohio-3363, ¶ 13.

{¶17} "Since summary judgment denies the party his or her 'day in court' it is not to be viewed lightly as docket control or as a 'little trial.' The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In *Dresher v. Burt* [75 Ohio St.3d 280, 662 N.E.2d 264 (1996)], the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." *Welch v. Ziccarelli*, 11th Dist. Lake No. 2006-L-229, 2007-Ohio-4374, ¶ 40.

{¶18} "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112[, 526 N.E.2d 798]." *Id.*

5

{¶19} Further, in deciding a motion for summary judgment, Civ.R. 56(C) only allows the trial court to consider "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C); *see Palmer Bros. Concrete, Inc. v. Kuntry Haven Constr. LLC*, 6th Dist. Wood No. WD-11-033, 2012-Ohio-1875, ¶ 10.

### Law and Analysis

{¶20} In its sole assignment of error, Smartland contends the trial court failed as a matter of law granting summary judgment where there is a clear question of fact. More specifically, Smartland argues it was justified in refusing to pay the amount due and outstanding because Carter Lumber breached another contract by providing "inadequate" trusses.

{¶21} An action on an account is "a pleading device used to consolidate several claims which one party has against another." *AMF, Inc. v. Mravec*, 2 Ohio App.3d 29, 440 N.E.2d 600 (8th Dist.1981), paragraph one of the syllabus. "An action on an account is appropriate where the parties have conducted a series of transactions, for which a balance remains to be paid." *Id.*

{¶22} To establish a prima facie case for an action on account, an account must show the name of the party charged and contain: (1) a beginning balance (zero, or a sum that can qualify as an account stated, or some other provable sum); (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items which permits the calculation of the amount

6

claimed to be due. *Discover Bank v. Damico*, 11th Dist. Lake No. 2011-L-108, 2012-Ohio-3022, ¶ 12.

{¶23} As our review of the facts indicates, the moving party, Carter Lumber, met its burden demonstrating no genuine issue of material fact existed, i.e., Smartland failed to pay its account, owing a sum of $25,280.46. *Dresher* at 292.

{¶24} Smartland, in turn, had a reciprocal burden to provide evidentiary quality material demonstrating a genuine issue of material fact exists. *Id.* at 293; *Bressi v. Irwin*, 2021-Ohio-2550, --- N.E.3d ---, ¶ 52 (11th Dist.). Thus, pursuant to Civ.R. 56(E), "[w]hen a motion for summary judgment is made *and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings*, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." (Emphasis added.)

{¶25} In its brief in opposition, Smartland argued that Carter Lumber breached a contract to build trusses, whose product did not conform to engineering standards. However, Smartland failed to demonstrate a genuine issue of material fact since it failed to offer any evidentiary quality materials supporting this defense. While it attempted to base its defense on a contract to build trusses, that contract is not in the record and is not referenced in the self-serving affidavit. Nor does Smartland dispute the amount owed or the credit agreement.

{¶26} It must also be noted that the "overleveraged" and "malfeasance" argument asserted in the trial court have not been raised on appeal.

7

{¶27} As this court has previously held, a nonmoving party may not avoid summary judgment by merely submitting a self-serving affidavit contradicting the evidence offered by the moving party. *Greaney v. Ohio Turnpike Comm.*, 11th Dist. Portage No. 2005-P-0012, 2005-Ohio-5284, ¶ 16. This rule is based upon judicial economy; permitting a nonmoving party to avoid summary judgment by asserting nothing more than "'bald contradictions of the evidence offered by the moving party'" would necessarily abrogate the utility of the summary judgment exercise. *Id.*, quoting *C.R. Withem Ents. v. Maley*, 5th Dist. Fairfield No. 01 CA 54, 2002-Ohio-5056, ¶ 24. Courts would be unable to use Civ.R. 56 as a means of assessing the merits of a claim at an early stage of the litigation, needlessly enlarging the civil process. *Id.*

{¶28} Summary judgment was clearly appropriate in this case because Smartland failed to meet its reciprocal burden as the nonmoving party to offer any evidentiary quality materials demonstrating a genuine issue of material fact.

{¶29} The judgment of the Portage County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

8

Case No. 2021-P-0042